## KATHLEEN A. KLIGERMAN, ADMX.
### (Estate of Elizabeth O'Neil Lennon)
*vs.*
## HARRY ROSENSTEIN ET AL.

Superior Court     New Haven County     File No. 60353

## MEMORANDUM FILED JUNE 9, 1941.

*T. Holmes Bracken,* of New Haven, for the Plaintiff.

*Watrous, Gumbart & Corbin,* and *Bernard Greenberg,* of New Haven, for the Defendants.

FOSTER, J. Lamberton Street in New Haven runs east and west. Kimberly Avenue runs north and south. The two highways intersect. In the center of the intersection is suspended an overhead traffic light which at stated intervals turns from green to red and red to green. About 3:50 p.m. on December 23, 1940, an automobile owned by the defendant Rose Rosenstein was being operated by her agent, the defendant Harry Rosenstein (to whom I shall hereafter refer as the defendant), on Lamberton Street in a westerly direction.

When the defendant reached the intersection, the traffic light was red, and he stopped. When the light turned green for east and west traffic, the defendant moved forward and made a left turn south in Kimberly Avenue. At all times

when making such left turn, he kept to the right of the center line of the intersection. When he reached a point a few feet south of the intersection, he struck the plaintiff's decedent with the left front and left rear mud guards of his automobile and knocked her to the pavement, causing injuries to her which resulted in her death.

There is no evidence as to the direction in which the deceased was moving at the time she was struck. The defendant did not see her until he felt the collision and, turning, saw her lying in the center of the highway. Just before the deceased was struck, two railroad patrolmen, DeMayo and McNamara, were driving north on Kimberly Avenue in an automobile. As the traffic light turned green for east and west traffic, permitting the defendant to move forward on Lamberton Street, it turned red for north and south traffic, causing the railroad patrolmen to stop before entering the intersection. Neither of these officers saw the deceased before she was struck, nor did they observe the defendant enter Kimberly Avenue. They heard a thud and, on looking to their left, saw her lying in the center of Kimberly Avenue, and they immediately alighted from their automobile and helped her to her feet. Both these officers testify that the deceased was lying at a point south of the intersection after she was struck. The defendant so testifies. Kathleen Flynn testifies to having talked with the deceased on the sidewalk at a point on the south side of Lamberton Street and west of Kimberly Avenue shortly before the deceased was struck. From this testimony it might be inferred that the deceased was crossing Kimberly Avenue in an easterly direction when she was struck; but this fact is not proved. She might have crossed to the east side of Kimberly Avenue and then have been returning to the west side; or she might have partly crossed Kimberly Avenue and momentarily have retraced one or more steps. There is no real proof as to what she was doing or just where she was when she was struck. All of the evidence on the point indicates that when she was struck she was south of the intersection—south of the crosswalk.

The question has been raised as to why the defendant did not see the deceased before he struck her. If she were crossing the highway on the crosswalk, the defendant would be legally bound to use a greater degree of care toward her than if she were not on the crosswalk. She was not on the cross-

walk when she was struck. She was south of the crosswalk. She collided with the front and rear mud guards on the left side of the defendant's automobile. She fell in the center of Kimberly Avenue. The defendant was on his right side of the center of Kimberly Avenue. Moreover, at the time the deceased was struck, the sun was only five degrees above the horizon, and its azimuth was 53 degrees. It was a clear day. As the defendant turned south into Kimberly Avenue he might have been momentarily blinded by the sun.

The plaintiff has failed to prove by a fair preponderance of the evidence that the defendant was guilty of any negligence alleged in the complaint that was a proximate cause of the injuries and death of her decedent.

Judgment is rendered in favor of the defendants against the plaintiff.