SWIFT AND COMPANY *v.* REXTON, INC., ET AL.

PETERS, HEALEY, PARSKEY, ARMENTANO and SHEA, Js.

Argued May 7—decision released July 13, 1982

*Laurence V. Parnoff,* for the appellants (defendants).

*Louise C. LaMontagne,* with whom, on the brief, was *William J. Nulsen,* for the appellee (plaintiff).

PER CURIAM.  The single issue presented by this appeal is the sufficiency of the evidence relied upon

by the trial court in ruling for the plaintiff in an action to recover the purchase price of goods allegedly sold to the defendants.

From the evidence presented at trial, the trial court could reasonably have found the following facts. From November, 1977, through September, 1978, the plaintiff, Swift and Company (hereinafter Swift), sold goods in the form of meat products to the defendant, Rexton, Inc., d/b/a Chicago Beef and Provision Company (hereinafter Rexton), on an open account basis. The plaintiff's witness, a salesman with Swift for 27 years, testified that because Rexton was his account, he visited and sold it products on a regular basis. In his capacity as a salesman, he prepared invoices at the time orders were taken from which a ledger card was prepared for each account, including Rexton. These ledger cards were periodically updated by Swift, indicating dates, charges, credits and balances due. All charges by the plaintiff and payments by the defendant were included on the ledger cards.

The ledger cards for the Rexton account from November 4, 1977, to September 21, 1978, were introduced as evidence by the plaintiff. The second to last entry, showing a payment of $300, left a balance due Swift of $8728.04. The last entry, however, marked "J/E" for journal entry, indicated a credit of $8728.04 and left the balance column blank. The plaintiff's witness testified that this last entry was an accounting procedure utilized to clear the ledger and suspend the account as a prerequisite to collection proceedings by Swift's legal department.

In this appeal from the judgment of the trial court rendered against it in the amount of $8728.04, the defendant asserts that the findings of fact were

unsupported by sufficient competent evidence.[1] We disagree.

When a buyer accepts goods and fails to tender payment when due, the seller may recover the purchase price. General Statutes § 42a-2-709 (1) (a); see White & Summers, Uniform Commercial Code (2d Ed.) §§ 7-2, 7-3. As prerequisites to recovery, therefore, a seller must establish acceptance by the buyer of goods sold and delivered, as well as the failure of the buyer to fulfill his payment obligation.[2] *Solar Kinetics Corporation* v. *Joseph T. Ryerson & Son, Inc.*, 488 F. Sup. 1237, 1249–50 (D. Conn. 1980); *Superior Wire & Paper Products, Ltd.* v. *Talcott Tool & Machine, Inc.*, 184 Conn. 10, 16, 441 A.2d 43 (1981).

In the ordinary civil action, while the plaintiff must establish every element of a claim by a fair preponderance of the evidence, there need not be direct evidence of each material fact. It is sufficient if the evidence presented establishes circumstances "from which logical and reasonable inferences of other material facts can be fairly drawn." *Pierce* v. *Albanese*, 144 Conn. 241, 256, 129 A.2d

---

[1] In its brief, the defendant makes the additional claim that the ledger cards introduced as plaintiff's exhibit A were irrelevant and therefore inadmissible. At oral argument, however, the defendant conceded, as it must, that its failure to object or except to the admission of the document at trial precluded it from raising the relevancy issue on appeal. Practice Book § 288; see *O'Connor* v. *Dory Corporation*, 174 Conn. 65, 71, 381 A.2d 559 (1977).

[2] Both the plaintiff and defendant employ the phrase "action on a book debt," a cause of action utilized in the previous century. E.g., *Terrill* v. *Beecher*, 9 Conn. 344 (1832). Whatever the vitality of this cause of action, the present case clearly involves a dispute over transactions in goods, and is therefore governed by the Uniform Commercial Code. General Statutes § 42a-2-102; see *Kunian* v. *Development Corporation of America*, 165 Conn. 300, 307–308, 334 A.2d 427 (1973).

606, appeal dismissed, 355 U.S. 15, 78 S. Ct. 36, 2 L. Ed. 2d 21 (1957); see *Dacey* v. *Connecticut Bar Assn.,* 170 Conn. 520, 534, 368 A.2d 125 (1976); *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 560–61, 316 A.2d 394 (1972). Moreover, the plaintiff's evidence need not be so overwhelming that every other possible result is excluded; it is sufficient if the evidence " 'induces in the mind of the trier a reasonable belief that it is more probable than otherwise that the fact in issue is true.' " *Dacey* v. *Connecticut Bar Assn.,* supra; see *Busker* v. *United Illuminating Co.,* 156 Conn. 456, 458, 242 A.2d 708 (1968); *Dickson* v. *Yale University,* 141 Conn. 250, 253–54, 105 A.2d 463 (1954).

It is the province of the trier of fact to weigh the evidence presented and determine the credibility and effect to be given the evidence. See *Hally* v. *Hospital of St. Raphael,* 162 Conn. 352, 359, 294 A.2d 305 (1972). On appellate review, therefore, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled. *State* v. *Avcollie,* 178 Conn. 450, 461, 423 A.2d 118 (1979), cert. denied, 444 U.S. 1015, 100 S. Ct. 667, 62 L. Ed. 2d 645 (1980); *Hally* v. *Hospital of St. Raphael,* supra; *Busker* v. *United Illuminating Co.,* supra.

Viewed within these principles, the evidence, although scant,[3] supports the judgment rendered by the trial court. The plaintiff's witness testified that as a salesman for Swift he sold the defendant products on a regular basis, from which invoices

[3] The only other evidence introduced by the plaintiff was the testimony of the president of Rexton, a codefendant, who admitted to signing a guaranty with Swift which made her personally liable for the debts of Rexton to a maximum of $5000. The guaranty was also introduced as evidence. The defendants introduced no witnesses or documentary evidence.

and subsequently ledger cards were prepared. The ledger cards show charges and payments made against and by the defendant. From this uncontroverted evidence it is reasonable and logical to infer the sale, delivery and acceptance of the plaintiff's goods by the defendant. Moreover, the final balance due of $8728.04 as shown on the ledger cards, although disputed,[4] reasonably establishes the failure by the defendant to tender payment to the plaintiff. Thus, on the foregoing facts and reasonable inferences therefrom, we conclude that the judgment of the trial court was adequately supported by the evidence presented.

There is no error.

---

[4] The president of Rexton testified that to the best of her knowledge the defendant owed Swift nothing. Although the defendant vigorously argued that the ledger card showed no balance due Swift, the final entry removing the $8728.04 was recorded as a journal entry, not a payment. From the salesman's testimony that this was merely an accounting procedure utilized to close the account and commence legal proceedings, it is reasonable to conclude that this was the correct amount due Swift.