[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action brought by the plaintiff seeking a temporary injunction and permanent injunction to prevent the defendant from conveying an interest in land owned by her to any person other than the plaintiff; a request that the defendant be ordered to transfer her interest in said land back to the plaintiff, and attorney's fees and costs.
The facts as presented at the trial are as follows: The plaintiff and the defendant met at a social gathering late in 1990. The parties were attracted to each other. The defendant, who was still married to a person living in Poland, told the plaintiff she was considering getting a divorce. CT Page 3856
The defendant asked the plaintiff about his home in East Hartford and upon her request he proudly showed the defendant his home. The plaintiff's children were no longer minors and his home was mortgage free.
After several months of dating the plaintiff invited the defendant to move in with him at the premises known as 19 Westview Drive, East Hartford. The plaintiff claims that he then agreed to sell a 1/2 interest in said premises for the sum of $40,000.00 to the defendant. The parties went to see Attorney Edward Januszewski and at their request he prepared a deed conveying a 1/2 interest from the plaintiff to the defendant on December 18, 1990. The parties did not mention that the defendant was to give the plaintiff $40,000.00 in exchange for the 1/2 interest so that there would be no conveyance tax due although the plaintiff described it as an inheritance tax during the testimony at trial. (Plaintiff's Exhibit B, Warranty Deed). The defendant has a different version of the transaction. She testified that in exchange for her agreeing to marry the plaintiff she would be given the 1/2 interest of the premises as a gift. She further claimed that the reason she gave the plaintiff the $40,000.00 was to show the plaintiff's children that she was "bringing something" to the marriage and was not out to eliminate the children's inheritance.
In any event, the money was paid by the defendant to the plaintiff (Plaintiff's Exhibit C, check dated December 18, 1990) and the deed for the 1/2 interest was given to the defendant on December 18, 1990.
The defendant then moved into the premises bringing with her various items of furniture and clothing. The defendant worked in a convalescent home averaging 10-14 hours per day. She claimed that she cooked and cleaned for the plaintiff and he also claimed that he cooked as well. In any event, the "bloom was off the rose" shortly and the defendant recorded the deed at the Town Clerk's office in East Hartford on April 11, 1991 after conferring with her attorney. At that time the parties were still together.
Controversies continued to arise. The parties eventually separated on June 22, 1991. The defendant requested the return of the $40,000.00 and the plaintiff requested back the 1/2 interest in the property which he had conveyed to the defendant. The plaintiff obtained a cashier's check for CT Page 3857 $40,000.00 on June 26, 1991 payable to the defendant, gave it to her and she presented to the plaintiff the original warranty deed, now having been recorded at the town hall, back to the plaintiff.
Shortly thereafter the plaintiff learned that the deed did not serve to transfer the property back to him and the plaintiff then requested that the defendant sign a new deed.
At this point in time, having had time to reflect on the activities of the parties while being together, the defendant requested additional money in the amount of $10,000.00 claiming that she had spent money on her divorce, had lived with the plaintiff for 5-6 months and was entitled to more money for her services. The plaintiff refused to pay any additional money and now brings this action to recover his 1/2 interest in his home.
The court next examined the intent of the parties at the time the plaintiff tendered the $40,000.00 check back to the defendant on June 26, 1991.
There is no question in the mind of the court that on the date the parties exchanged the $40,000.00 check and the old deed was redelivered to the plaintiff that both parties understood that the "arrangement to be together" had been cancelled with each party to go their separate way. The additional request was an after thought of the defendant and has no proof or substance to it. The defendant shared the premises with the plaintiff, rent free for over five months. The plaintiff paid the tax bills then due and the defendant received those intangible benefits. The defendant's request is untimely and not supported by any credible evidence.
"It is the province of the trier to weigh the evidence presented and to determine its credibility." Burton v. Burton, 189 Conn. 129, 138; Swift and Co. v. Rexton, Inc.,187 Conn. 540, 543.
Where the evidence is in conflict, its probative force is for the trier of fact to determine. Bowman v. 1477 Central Avenue Apartments, Inc., 203 Conn. 246, 257; Robert Lawrence Associates, Inc. v. DelVecchio, 178 Conn. 1, 14; Kowalsky Properties, Inc. v. Sherman-Williams Co., 7 Conn. App. 136, CT Page 3858 140.
For the reasons stated above, judgment may enter for the plaintiff. The defendant is ordered to execute a deed conveying the 1/2 interest presently owned by her to the plaintiff upon receiving notice of this order within 15 days.
Costs are awarded to the plaintiff as provided by statute.
Judgment for the plaintiff on the cross-complaint.
HARRY N. JACKAWAY JUDGE, SUPERIOR COURT