[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE FOURTH COUNT OFTHE COMPLAINT
On May 26, 1994 the plaintiff, A. Secondino Son, Inc. (Secondino) filed a four count complaint against the defendants, L.D. Land Company, Robert Litsky and Stephen Duhamel (L.D. Land). Count one alleges breach of an oral contract, count two alleges breach of a written contract, count three alleges unjust enrichment and count four alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA). In its complaint the plaintiff alleges the following facts.
Secondino is a contractor operating out of Branford, Connecticut. L.D. Land Company is a general partnership operating the Millbrook Shopping Center in East Haven, Connecticut. L.D. CT Page 12847 Land Company's general partners are Robert Litsky and Stephen Duhamel. On May 31, 1990 Secondino and L.D. Land, through Litsky and Duhamel, entered into a written agreement for Secondino to install a new roof at the Millbrook Shopping Center for $98,500. Secondino began working at the shopping center on December 24, 1990 and completed the project on April 15, 1991. Despite due demand L.D. Land has failed and refused to pay Secondino for the job. Secondino alleges that this activity establishes a breach of an oral and a written contract between the parties, that L.D. Land has been unjustly enriched and L.D. Land's non-payment is a deceptive act or practice in violation of CUTPA.
On September 6, 1994, L.D. Land filed a motion to strike and an accompanying memorandum of law challenging the fourth count of Secondino's complaint alleging a violation of CUTPA. L.D. Land contends that the facts alleged in count four amount to a simple breach of contract and those allegations alone are insufficient to establish a CUTPA violation. On September 23, 1994 the defendants filed a substitute memorandum of law in support of its motion to strike.
On October 3, 1994 Secondino filed a memorandum in opposition to L.D. Land's motion to strike. Secondino argues, on procedural grounds, that L.D. Land's motion is fatally defective because it does not state with particularity the grounds for the motion. Secondino also argues that a simple breach of contract can establish the basis for a CUTPA violation.
A motion to strike challenges the legal sufficiency of a pleading; Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985); or any count thereof. Practice Book § 152. When ruling on the defendant's motion to strike the court must construe the facts in the complaint most favorable to the plaintiff; NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 216, 618 A.2d 25
(1992); and view them in the light most favorable to sustaining the sufficiency of the pleading. Michaud v. Wawruck, 209 Conn. 407,408, 551 A.2d 738 (1988). A motion to strike should be granted where a "pleading . . . on its face is legally insufficient, although facts may indeed exist which, if properly pleaded, would establish a cause of action upon which relief could be granted." (Internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991).
L.D. Land's motion to strike requests the court to strike the fourth count of Secondino's complaint "for the reasons set forth in CT Page 12848 the attached Memorandum or Law in Support of Motion to Strike." Secondino objects that this language is not sufficiently particular to comply with Practice Book § 154.
Practice Book § 154 provides that "[e]ach motion to strike raising any of the claims of legal insufficiency . . . shall separately set forth each such claim of insufficiency and shall distinctly specify the reasons or reasons for each such claimed insufficiency." "A motion to strike that lacks specificity, but adequately submits the material issue to the court, however, is sufficient to comply with Practice Book § 154." North ParkMortgage Services, Inc. v. Pinette, 27 Conn. App. 628, 630,608 A.2d 714 (1992), citing Rowe v. Godou, 209 Conn. 273, 275,550 A.2d 1073 (1988).
When the defendants' motion to strike is read in conjunction with their memorandum of law, the material issue contained in the motion is clear. L.D. Land is arguing that the allegations contained in count four of the plaintiff's complaint are legally insufficient to establish a CUTPA violation. The particularity requirement of Practice Book § 154 is satisfied under the NorthPark Mortgage Services, Inc. test as the material issue is readily discernible.
The plaintiff has alleged a violation of CUTPA, General Statutes § 42a-110 et seq. "In determining when a practice is unfair, [the supreme court has] adopted the criteria set out in the `cigarette rule' by the federal trade commission . . . (1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." A-G Foods, Inc. v. Pepperidge Farm, Inc.,216 Conn. 200, 215, 579 A.2d 69 (1990).
"A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where a count in a contract `simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous, or offensive to public policy.'" Set to Fit Realty v. First StamfordCorp. , Superior Court, JD of Stamford/Norwalk at CT Page 12849 Stamford, DN CV 91 0119612 (April 19, 1994) (Lewis, J.), citing Aussenhandel v. Grant Airmass Corp. , 2 Conn. L. Rptr. 590
(1990) (Lewis, J.). A majority of superior court decisions are in accord with Judge Lewis' rulings. See EmleeEquipment Leasing Corp. v. Waterbury Transmission, 41 Conn. Sup. 575,580 3 CONN. L. RPTR. 711, 713 (1991) (Blue, J.) ("[a] simple breach of contract, even if intentional, does not amount to a violation of the Act; a [claimant] must show substantial aggravating circumstances attending the breach to recover under the Act");World Cable Communications, Inc. v. Phillips Broadband Networks, Inc., 9 CSCR 350, 351 (1994) (Wagner, J.) (CUTPA count stricken where the plaintiff alleged simple breach of contract without "substantial aggravating circumstances attendant to the breach"); William T. Beazley Co. v. Business Park Associates, Inc., 9 Conn. L. Rptr. No. 5, 152, 154 (June 21, 1993) (Teller, J.) ("a simple allegation of breach of contract, without more, is insufficient to state a cause of action under CUTPA").[1]
Furthermore, "[a] claim under CUTPA must be pleaded with particularity to allow evaluation of the legal theory upon which the claim is based." S.M.S. Textile Mills, Inc. v. Brown,Jacobson, Tillinghast, Lahan King, P.C., 32 Conn. App. 786, 797,631 A.2d 340 (1993). In this case when the facts alleged are viewed in a light most favorable to the plaintiff, the CUTPA count contains no particularly pleaded allegations establishing anything more than a breach of contract. See Emlee Equipment Leasing Corp.v. Waterbury Transmission, supra, 41 Conn. Sup. 580 (CUTPA violation requires "allegation of [a] fraudulent or deceptive practice or [an allegation of] bad faith"). The facts as pleaded are insufficient to establish a CUTPA violation.
Accordingly, the defendants' motion to strike count four of the plaintiff's complaint is granted.