[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNTS ONE TWO OF REVISEDCOMPLAINT DATED OCTOBER 21, 1994
Plaintiffs allege that defendant Attorney Robert F. Taylor (a partner in the law firm of defendant Regnier, Taylor, Curran Eddy) had represented defendant James M. Miller in a lawsuit for injuries Miller had sustained in an automobile accident. Plaintiffs (who provide therapeutic massage treatment) claim that they had treated Miller for his injuries and that Taylor had represented to them that he would protect their bill for their services out of any proceeds obtained in settlement of the lawsuit. They allege that Taylor had in fact negotiated a settlement of Miller's lawsuit, but had only paid them $6,500.00, when in fact their final bill was $12,083.10.
Defendants have moved to strike the first count of the complaint which sounds in breach of contract. They claim that plaintiffs have not alleged that a contract existed between the parties. The court disagrees. The complaint alleges that defendant Taylor promised by letter that he would protect the plaintiffs' bill for services rendered, that plaintiff relied on Taylor's letter, and that they continued to treat defendant Miller believing that they would be paid out of any settlement.
Defendants have also moved to strike the second count of the complaint which alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA). This case appears to be a simple contract action wherein the dispute is whether defendant Taylor should have paid the plaintiffs $12,083.10 or $6,500.00. The second count simply incorporates by reference the breach of contract claim. It does not set forth how or in what respect the defendants' activities are either immoral, unethical, unscrupulous, or offensive to public policy. Therefore, the court holds that the allegations, viewed in a light most favorable to the plaintiffs are not sufficient to establish a CUTPA claim. World Cable Comm. v. PhillipsBroadband Networks, Inc., 9 CSCR 350 (1994); Robert Weiss Co. v. Medspan, 8 CSCR 835.
The Motion to Strike Count 1 is denied. The Motion to Strike Count 2 is granted.
Allen, State Trial Referee