[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PREJUDGMENT REMEDY
The plaintiff tenant has filed an application for a prejudgment remedy seeking monetary attachment of assets of the defendant landlord for various breaches of the landlord's duties to the plaintiff.
FACTS
On February 18, 1992, the plaintiff tenant entered into a written lease concerning property at 1114 East Putnam Avenue, Greenwich, Connecticut in order to operate a restaurant in the motel facilities owned and operated by the defendant landlord. Various disputes have arisen concerning the compliance with the lease terms by both the plaintiff and the defendant. A number of lawsuits have been filed by both parties. There is a pending summary process action.
This instant civil action is in six counts. The first count claims a breach of contract. The plaintiff claims that the defendant overcharged the landlord for utility and other expenses, failed to properly credit tenant's payments, violated the implied covenants of good faith and fair dealing and violated the covenant of quiet enjoyment. The second count alleges a good portion of the allegations of the first count and seeks damages for conversion. The third count alleges fraudulent misrepresentation. The fourth count alleges intentional interference with business relations. The fifth count realleges the prior counts and claims that those acts or omissions of the landlord were a breach of its duty to exercise good faith and CT Page 6401 fair dealing. The sixth count alleges essentially all of the prior counts and claims that those actions are unfair and deceptive trade practices in violation of the CUTPA.
The plaintiff's claims for relief request damages, taxable costs, treble damages in the second count for conversion pursuant to the theft statute, C.G.S. § 52-264, treble damages in the third count based upon fraudulent misrepresentation, punitive damages in the fourth count based upon intentional interference with business relations, treble damages in the fifth count based upon bad faith, and pursuant to the sixth count in CUTPA, attorney's fees and punitive damages.
The parties have entered into a stipulation dated October 30, 1996 which relates to the documents, evidence and pleadings that this court can consider concerning this application for a prejudgment remedy. The stipulation also relates to the plaintiff's pending motion for summary judgment. The court has considered each and every one of the documents, evidence and pleadings referred to in the October 30, 1996 stipulation in deciding this application for prejudgment remedy.
DISCUSSION OF LAW
The plaintiff is seeking a prejudgment remedy pursuant to Connecticut General Statutes § 52-278a et seq. as modified by Public Act 93-431. The court must determine if there is "probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedies sought, taking into account any defenses, counterclaims, or set-offs, will be rendered in the matter in favor of the plaintiff." C.G.S. § 52-278d(a). The plaintiff does not have to establish that it will prevail, only that there is probable cause to sustain the validity of the claim. LedgebrookCondominium Association, Inc., v. Lusk Corporation, 172 Conn. 577,584 (1977). "The court's role in such a hearing is to determine probable success by weighing probabilities." NewEngland Land Limited Co. Ltd. v. DeMarkey, 213 Conn. 612, 620
(1990). A hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. New England Land LimitedCo. Ltd. v. DeMarkey, supra, 620.
The statute changed effective January 1994. The same pre-January 1994 probable cause standards continue to be in effect. CT Page 6402Chaspek Manufacturing Corp., v. Stella Tandet, Executrix of theEstate of William Tandet, SNBR-429A, June 16, 1995) (Tierney, J.); 1995 Ct. Sup. 7401, Connecticut Opinions July 31, 1995. The plaintiff has the burden of proof as to probable cause in regards to each of the elements of its complaint. Swift and Co. v.Rexton, Inc., 187 Conn. 540, 543 (1982); C.G.S. § 52-278d(a). The defendant has the burden of proof to show defenses, counterclaims or set-offs, thus reducing the amount of the prejudgment remedy.C.G.S. § 52-278d(a); Practice Book § 164 and 168; C.G.S. § 52-139through 142; Sullivan v. Merchants National Bank, 108 Conn. 497,500 (1928); Lynch v. Granby Holdings, Inc., 37 Conn. App. 846,851 (1995).
CONCLUSION
The lease in question between Northeast Hotel Associates, Inc., as landlord and Charlie Brown, Inc., as tenant, is dated February 18, 1992. Paragraph 1 at page 1 describes the premises for the tenant's operation of a restaurant facility in the Howard Johnson Motor Lodge building located at 1114 Boston Post Road, Riverside, Connecticut. The premises are "more fully described on Exhibit `A' annexed hereto." Exhibit A describes the premises as a "floor plan to be provided within 30 days and initialled by both Landlord and Tenant." No floor plan was offered in evidence. There was no testimony that any such document was ever prepared, signed or even agreed upon by the parties. To this date, the parties disagree as to the nature and description of the premises to be occupied.
Furthermore, paragraph 22 of the lease states that the tenant will pay for a certain percentage of the utility charges and the tenant "shall pay its proportionate share of all Utility Charges." There was no document and no testimony which indicated that the parties had agreed as to how that proportionate share was to be determined. There was evidence offered that the landlord had billed for certain utility charges. Those billings were excessive as revealed by utility company audits. Since the parties have not agreed on exactly what the tenant's premises are, it is exceedingly difficult, if not impossible, to determine the proportionate share of utility charges for premises.
Based upon the credible evidence offered, the court concludes that the landlord's method of keeping its records was not businesslike. There was evidence that payments made by the tenant to the landlord were not properly credited to the tenant's CT Page 6403 account. The tenant was overbilled for water bills. A fair inference for the court to draw was that the record keeping procedures for the landlord at 1114 Boston Post Road, Riverside, Connecticut were a "mess." The court finds support in that conclusion by testimony of Abdal Metwally at page 8 of his November 10, 1995 deposition. "I was hired in the end of October 1992 to help the general manager at that time to reconcile and audit their accounting work in the hotel which was mess and to help at the front office, to organize the front office."
The court is mindful that there is a summary process action pending between the parties in which the landlord has claimed that the plaintiff tenant was and is in default of the terms and conditions of the lease to wit; non-payment of rent, additional rent and utility charges. The court has conducted a mathematical analysis of the evidence offered by the plaintiff in the various documents submitted in support of the prejudgment remedy. The court is of the opinion that the default amount claimed by the landlord in the summary process action is overstated. Payment of rent and lease charges is a defense in a summary process action. The plaintiff has the opportunity in that summary process action to offer all the evidence that it offered in the prejudgment remedy in defense of the summary process action. The court cannot conclude, on the basis of the record, that the tenant is entitled to a substantial credit for over payment.
The court does not believe that the plaintiff has sustained its burden of proof of showing that any over payment by the tenant exceeded the amount claimed by the landlord. There was no evidence independent of the breach of contract claim introduced in support of the claims of a violation of the implied covenant of good faith and fair dealing and a violation of the covenant of quiet enjoyment. The court therefore concludes, that the prejudgment remedy should be denied as to the first count claiming breach of contract, violation of the implied covenant of good faith and fair dealing and violation of the covenant of quiet enjoyment.
The court further feels that the plaintiff has failed to sustain its burden of proof concerning conversion. The plaintiff is claiming treble damages under C.G.S. § 52-564 which requires proof of theft. Lauder v. Peck, 11 Conn. App. 161, 165
(1987). The plaintiff has failed to sustain its burden of proof of larceny under C.G.S. § 53a-119. The PJR is denied as to the second count. CT Page 6404
The plaintiff has failed to sustain its burden of proof as to fraudulent misrepresentation. There appears to be overbilling. Once the overbilling was brought to the attention of the landlord in a number of but not all instances, certain credits were given. The PJR is denied as to the third count.
The fourth count, intentional interference with business relations, is merely a reallegation of the first, second and third counts of the complaint. The PJR is denied as to the fourth count.
The fifth count sounds in bad faith. The proof offered was no different than the proof in the first count of breach of contract. The plaintiff's burden of proof of bad faith is found in Warner v. Konover, 210 Conn. 150, 154-155, (1989). The plaintiff, having failed to demonstrate substantial damages under the first count, has not met its burden of proof under this bad faith count. The PJR is denied as to the fifth count.
The sixth count claims punitive damages, attorney's fees and money damages under CUTPA. C.G.S. § 42-110g. The plaintiff's burden of proof is to show "a reckless indifference to the rights of others or an intentional and wanton violation of those rights."Collens v. New Canaan Water Co., 155 Conn. 477, 489 (1967);Gargano v. Heyman, 203 Conn. 616, 622 (1987). A CUTPA claim may be based on an isolated unfair or deceptive act on the part of the defendant. Michael J. Stula Agency v. Wasniewski, 9 CSCR 159, January 27, 1994, 1994 Ct. Sup. 817, (Austin, J.); Williams v.Gersten, 13 CLR 512, 1995 Ct. Sup. 92-6, (Kremski, S.T.R.);Gustafson v. Young, 12 Conn. L. Rptr. 105. 106,1994 Ct. Sup. 7294, July 11, 1994 (Teller, J.): This court has previously joined those judges indicating that one incident of an unfair or deceptive act may be sufficient to support a CUTPA claim. ChaspekManufacturing Corp. v. Tandet, supra. "A simple contract breach is not sufficient to establish a violation of CUTPA, particularly where the count alleging CUTPA simply incorporates by reference the breach of contract claim and does not set forth how or in what respect the defendant's activities are either immoral, unethical, unscrupulous or offensive to public policy."Aussenhandel v. Grant Airmass Corp., 2 Conn. L. Rptr. 590,1990 Ct. Sup. 3004, October 15, 1990 (Lewis, J.); A. Secondino Son,Inc. v. L. D. Land Co., 1 Conn. Ops. 99, December 29, 1994,13 CLR 232, 1994 Ct. Sup. 12846 (Hadden, J.). CT Page 6405
The repleading of the allegations of the prior counts is exactly what the plaintiff has done in its sixth count of CUTPA. The plaintiff has failed to sustain its burden of proof under its breach of contract count. Sloppy business procedures, poor document keeping, messy records and the inability to agree with a tenant do not amount to unfair trade practices under CUTPA. They are more akin to a simple contract claim. The plaintiff has an adequate remedy by defending the summary process claim. CUTPA applies to the relationship of landlord and tenant, including commercial landlord and tenant. Conaway v. Prestia, 191 Conn. 484,493 (1983). The facts of this landlord-tenant dispute do not rise to the level of a CUTPA violation. Gargano v. Heyman, supra 622. The PJR as to the sixth count is denied.
The application for a prejudgment remedy on all six counts is denied.
By the court.
KEVIN TIERNEY, JUDGE