[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT NO. 102
The plaintiff, Fasco Industries, Inc., filed a single-count complaint against the defendant, Medifor-X Corporation, on July 22, 1996, alleging that it "sold and delivered goods, wares and merchandise to the Defendant, payable Net 30, for which there is an unpaid balance due of $13,000.00, plus interest and attorney's fees in accordance with the terms and conditions of sale. . . ." The plaintiff alleges that although demand was made, the defendant has failed to pay. The defendant filed an answer on December 23, 1996.
The plaintiff filed a motion for summary judgment on November 27, 1996, accompanied by a memorandum of law, an affidavit sworn by the plaintiff's accounting supervisor, an affidavit of attorney's fees and a photocopy of an invoice with terms of agreement on the back. In its motion, the plaintiff argues that there is no genuine issue of material fact, but in its memorandum, the plaintiff states only the standard for a summary judgment.[1] The plaintiff's affidavit states that goods were delivered to the defendant, that the defendant now owes $13,000 for the goods, plus interest and attorney's fees of $2,417.14, and that no part of either amount has been paid.
The defendant filed an opposition to the motion on December 23, 1996, with an attached memorandum of law and an affidavit sworn by the defendant's president. In the affidavit, the defendant's president states that the defendant received goods from the plaintiff on January 5, 1996, but did not make payment for such goods. The affidavit also states that on CT Page 4689 April 25, 1996, when the plaintiff informed the defendant that another shipment was about to be sent, the defendant advised the plaintiff that it could not pay for the shipment. Furthermore, the affidavit states that after the defendant received the second shipment on or about May 1, 1996, the defendant informed the plaintiff of its inability to pay and asked the plaintiff to take back both shipments, but the plaintiff took back only the later shipment.
In its memorandum of law, the defendant argues that there is a question of fact regarding the communications between the parties as to the return of the goods. The defendant also argues that the plaintiff's failure to reclaim the January shipment of goods was a failure to mitigate damages, and thus the plaintiff is not entitled to the full price of the goods.
"Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving part is entitled to judgment as a matter of law." (Internal quotation marks omitted.) Doty v. Mucci, 238 Conn. 800, 805,679 A.2d 945 (1996). "Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." HomeIns. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03, 663 A.2d 1001
(1995), citing Practice Book § 381. "The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citation omitted; internal quotation marks omitted.) Doty v. Mucci, supra, 238 Conn. 805. "Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Catz v. Rubenstein, 201 Conn. 39, 49,513 A.2d 98 (1986).
Because this action involves a transaction of goods, the Uniform Commercial Code, Article 2, as codified in Connecticut General Statutes § 42a-2-101 through 42a-2-725, applies. See General Statutes § 42a-2-102;Franklin Quilting Co. v. Orfaly, 1 Conn. App. 249, 251, 470 A.2d 1228
(1984). The plaintiff here seeks recovery of the full price of the goods delivered to the defendant. Under General Statutes § 42a-2-709 (1)(a), "[w]hen the buyer fails to pay the price as it becomes due the seller may recover . . . the price of goods accepted. . . ." Similarly, General Statutes § 42a-2-607 (1) provides that "[t]he buyer must pay at the contract rate for any goods accepted." CT Page 4690
The crucial factual question is whether the defendant, in fact, accepted the goods. Swift Co. v. Rexton, Inc., 187 Conn. 540, 542,447 A.2d 9 (1982). General Statutes § 42a-2-606 (1) describes acceptance of goods as occurring:
 [W]hen the buyer (a) after a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that he will take or retain them in spite of their nonconformity; or (b) fails to make an effective rejection as provided by subsection (1) of section 42a-2-602, but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or (c) does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by him.
The plaintiff here failed to argue or present any evidence that the defendant had accepted the goods, and nothing in the affidavit or photocopy of the invoice shows that acceptance occurred.[2] The defendant, in its memorandum of law in opposition and supporting affidavit, while not arguing that it did not accept the goods, stated that nearly four months after receiving the goods, it informed the plaintiff of its inability to pay and desire to have the plaintiff take the goods back. Such facts could be construed as an attempt by the defendant to reject the goods.
General Statutes § 42a-2-602 (1) provides that "[r]ejection of goods must be within a reasonable time after their delivery or tender. It is ineffective unless the buyer seasonably notifies the seller." The Supreme Court has "consistently held that reasonableness is a question of fact for the trier to determine based on all of the circumstances." Williams FordInc. v. Hartford Courant Co., 232 Conn. 559, 580, 657 A.2d 212 (1995); see also Miceli v. Helyer, 40 Conn. App. 336, 350, 671 A.2d 826 (1996). Therefore, whether the defendant's notification to the plaintiff was made within a reasonable time after delivery of the goods, and was therefore a rejection within the meaning of General Statutes § 42a-2-602, is a question of fact not properly decided on a motion for summary judgment. Moreover, the plaintiff has not met its burden of showing that there is no genuine issue as to whether the plaintiff is entitled to recover the price of the goods because the defendant accepted the goods. See L W SupplyCorp. v. Corvino, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 283179 (April 26, 1993, Lager, J.); FairfieldElectric Supply v. Achilli, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293452 (November 24, 1992, Leheny, J.).
Therefore, the plaintiff's motion for summary judgment is, CT Page 4691 accordingly, denied.
Stodolink, J.