[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 20, 1997
On November 18, 1996, the plaintiff, James Akoury, commenced an action to foreclose a mortgage from defendants, William Kramer and Patricia Kramer, on property known as 53 Oakland Avenue in Milford, Connecticut. Plaintiff alleges that defendants have failed to make payments on the Note and thus plaintiff has declared the balance due and payable.
Upon completion of defendants' home in 1980, plaintiff, a building contractor, claims that defendants owed him principal of $31,683.46 for labor and materials and accrued interest of $9,494.00, for a total of $41,177.46. Subsequently, on June 16, 1982, defendants executed a Note in the amount of $43,553.71 at a rate of 18% interest. The $2,376.25 difference between $43,553.71 and $41,177.46 represents accrued interest. The Note is secured by a mortgage deed which is duly recorded on the Milford Land Records.
In their second revised answer filed on June 16, 1997, defendants admit that they are makers of the Note and Mortgage, CT Page 12617 but filed eleven special defenses and a three-count counterclaim. The special defenses are: violation of General Statutes §§37-4 and 37-8; the lien is ineffective under General Statutes §49-13(A) and (3); the statute of limitations has run; title is clouded: fees were improperly calculated: defendants were fraudulently induced to signed the loan documents; laches; duress; lack of advice of counsel (coercion); plaintiffs waiver of his right to collect; and lack of consideration. The counterclaim alleges violation of General Statutes § 37-4 in the first count, discharge of the mortgage pursuant to General Statutes § 49-13 in the second count: claim title to the property pursuant to General Statutes § 47-31.
On July 14, 1997, the plaintiff filed a motion to strike all the special defenses and the counterclaim in its entirety.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of [the pleadings] . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the [pleading] . . . A motion to strike is properly granted if the [pleading] alleges mere conclusions of law that are unsupported by the facts alleged." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). The motion to strike may be used to attack the legal sufficiency of a special defense. Nowak v. Nowak, 175 Conn. 112, 117, 394 A.2d 716 (1978). "A motion to strike . . . may properly be used to challenge the sufficiency of a counterclaim . . ." Fairfield Lease Corporationv. Romano's Auto Service, 4 Conn. App. 495, 496, 495 A.2d 286
(1985).
In the motion to strike, plaintiff states that he moves to strike the special defenses and counterclaim "because the allegations set forth therein are not legally sufficient on which to support the claim." He fails to specify the reasons for any legal insufficiency on the face of his motion. In his memorandum of law, plaintiff fails to cite any legal authorities upon which the motion relies.
In opposition, defendants object, inter alia, to the form of the motion because plaintiff has failed to comply with Practice Book § 155.
"[P]ractice Book § 155, which requires a motion to strike CT Page 12618 to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself." (Citation omitted; internal quotation marks omitted.) Morris v.Hartford Courant Co., 200 Conn. 676, 683 n. 5, 513 A.2d 66 (1986).
"Because the defendant did not specify the distinct reasons for the claimed insufficiency of the plaintiffs complaint in its motion, the motion was `fatally defective' under Practice Book § 154 notwithstanding the defendant's inclusion of such reasons in its supporting memorandum . . . We, nevertheless, consider the defendant's motion in the form presented to the trial court due to the plaintiffs failure to object to its form and the nonjurisdictional nature of § 154." Bouchard v.People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1 (1991). See also North Park Mortgage Services, Inc. v. Pinette,27 Conn. App. 628, 630 n. 4, 608 A.2d 714 (1992) (court considered the motion to strike in the form presented because, although the motion did not adequately submit the material issues to the court, the non-moving party failed to object to the form of the motion, and because Practice Book § 154 is not jurisdictional in nature).
However, the court will deny the motion to strike if the motion is fatally defective and the non movant plaintiff has objected to its form. Klachkin v. CTI Electronics Corp., Superior Court at Bridgeport, Docket No. 296097 (November 6, 1992) (Ballen, J., 7 CONN. L. RPTR. 559, 560). See also Buddington v.Sterling Winthrop, Inc., Judicial district of New Haven at New Haven, Docket No. 0327296 (November 12, 1993) (Zoarski, J., 10 CONN. L. RPTR. 358, 361) (denying motion to strike which failed to specify the distinct reasons for the claimed insufficiency because form of the motion was fatally defective and the defendants objected to it).
Here, plaintiff submitted a supporting memorandum of law which fails to comply with Practice Book § 155 because no legal authorities are cited. His motion to strike also fails to comply with Practice Book § 154 which requires that a motion to strike based on legal insufficiency to "distinctly specify the reason or reasons for each claimed insufficiency."
Therefore, the court denies plaintiffs motion to strike the special defenses and counterclaim because the form of the motion to strike is "fatally defective, " and the defendants have CT Page 12619 objected to its form.
CURRAN, S.T.R.