[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
I. FACTS
On September 1, 1998, the plaintiff and defendant entered CT Page 4699 into a written lease for the use and occupancy of premises located at A-1 Laurel Gardens, 385 Main Street, Danbury, Connecticut (Plaintiff's Exhibit 1). Defendant, who has resided on the premises for several years, took possession of the premises pursuant to the lease and still occupies same. Laurel Gardens is a public housing project which receives federal funding and is owned and operated by the Housing Authority of the city of Danbury.
The defendant has resided within this three bedroom apartment for the past five years with her six grandchildren, all of whom are named occupants on her lease.
The lease provides in section 9(a)(i)(2) that the tenant shall be obligated not to provide accommodations for boarders or lodgers.
The lease also provides, in section 9(a)(i) (10) that the tenant, any member of the household, a guest, or another person under the tenant's control, shall not engage in any drug-related activity on or near such premises. Any such activity in violation of the lease is cause for termination of the tenancy, and for eviction from the unit.
On October 22, 1998, the plaintiff sent a notice to the defendant alleging that she had violated the aforementioned provisions of the lease in that one Carlton Martin was arrested for drug activity and gave the police the defendant's address as his residence. Since Mr. Martin was not named on the lease, the plaintiff alleged that the defendant had violated the terms of her lease. She was allowed fifteen days to cure the violation and was asked to contact the project manager for a conference. Defendant testified that she did have a conference with the manager and offered proof that Carlton Martin did not live at her apartment.
On December 3, 1998, the plaintiff caused a notice to be duly served on the defendant to quit possession of the leased premises on or before December 7, 1998. The defendant denied that she was in violation of the lease. The matter was tried before the Court on April 5, 1999 and April 7, 1999.
Paragraph 7(d) of the lease provides "Tenant's rights to exclusive occupancy of the leased premises shall include reasonable accommodation of Tenant's guests and visitors. . . ." CT Page 4700
The defendant does not dispute that Carlton Martin, or any of the other people alleged as lodgers by the plaintiff, have visited her apartment on numerous times. She denies, however, that Mr. Martin or anyone else was a lodger or boarder. Mr. Martin never brought his clothes to her apartment, never had a key to the apartment, never received any mail at the apartment, and was never given permission to use her address as his own. The defendant's address was written on Mr. Martins arrest card on October 20, 1998. However, on an appearance bond dated October 1, 1998, Mr. Martin's address was listed as 54 Plattsville Avenue, Norwalk, Connecticut. Mr. Steve Gibson testified that Mr. Martin had lived in Norwalk during the period in question, and he had helped Mr. Martin move to Bridgeport at a later time.
Sergeant Williams, from the Danbury Police Department, testified that on one occasion the defendant told her that Carlton Martin lived at her apartment. He could not remember, however, if the conversation took place in 1997 or 1998. The defendant denied making this statement. Other police officers testified that Mr. Martin and others were constantly in the apartment. They could not verify, however, that anyone stayed overnight at the apartment.
II. LAW
It is incumbent upon the plaintiff to prove its case by a fair preponderance of the evidence. Swift Co. v. Rexton, Inc.,187 Conn. 540 (1982). In order to prove a lease violation, the evidence presented must be persuasive, not merely suggestive.Housing Authority of the City of Danbury v. Ann Rosado, Superior Court, Judicial District of Danbury, Docket No. 5896-7158, September 3, 1996.
The plaintiff has not met its burden of proof in this matter. The only indicia of occupancy by Mr. Martin was the statement given to Sergeant Williams, the address on the police arrest card of October 20, 1998, and statements of the Danbury police officers that they saw Mr. Martin and others constantly in and out of the apartment. This evidence was controverted by the defendant's denial and the testimony of Chantay girlfriend, who stated that Mr. Martin lived in Norwalk during the relevant periods. It is also controverted by the address given on Mr. Martin's appearance bond on October 1, 1998. It should be noted that there was no evidence regarding the source of the CT Page 4701 information on the arrest card. The exhibit was entered by stipulation of the parties. Assuming, arguendo, that Mr. Martin was a resident of the defendant's apartment on October 20, 1998, there is no credible evidence to substantiate the fact that he was a tenant after the defendant was allowed to cure her alleged defect after the October 22, 1998 letter. In fact, the defendant testified that she told Mr. Martin to stay away from the apartment after she received the October 22 letter. The testimony of the police officers established that the defendant had many visitors, not that she had boarders.
The plaintiff has not met its burden of proof regarding the alleged violation of paragraph 9(a)(i)(2) of the lease.
The plaintiff also claims that the defendant violated section 9(a)(i) (10) of the lease. It claims that Mr. Martin's arrest for drug charges constitutes drug-related criminal activity on or near such premises. In order to prevail on this count, the plaintiff must prove that Mr. Martin was a tenant, member of the household, guest, or another person under tenant's control. It must also prove that the drug-related activity occurred on or near such premises. The proof, in this regard, is insufficient on both grounds. Mr. Martin was arrested on Kennedy Avenue, approximately .3 miles from Laurel Gardens. The area could not reasonably be described as near Laurel Gardens in the context of the lease. Query whether or not Mr. Martin's arrest is sufficient to prove drug related activity? The Court is not required to decide this issue in view of the fact that any alleged activity did not occur near the premises.
The Court has previously found that Mr. Martin was not a lodger or member of the household. He was not a tenant. Therefore, the plaintiff would have to show that he was either a guest on the day of his arrest or under the defendant's control. There was no testimony that he was under defendant's control. Further, the only credible evidence was that Mr. Martin was not at the apartment on the day in question and therefore was not a guest.
It was incumbent upon the plaintiff to prove that the premises occupied by the defendant, or an area near the premises was used for illegal drug activity. Housing Authority of the Cityof Norwalk v. Deborah Rose, Superior Court, Judicial District of Stamford/Norwalk, Docket No. 9206-A2880, July 19, 1994. The defendant denied having any knowledge of Mr. Martin's alleged CT Page 4702 drug activity. She further testified that she had never seen Mr. Martin with drugs. Further, the alleged drug activity did not occur in her apartment or anywhere near the premises. The proof, while being suggestive, is not persuasive. The plaintiff has not met its burden of proof.
III. CONCLUSION
For the foregoing reasons, the Court finds that the plaintiff has failed to sustain its burden of proof regarding the allegations of the complaint. Accordingly, judgment shall enter in favor of the defendant, Pearlie Danzy.
Dennis G. Eveleigh, Judge