[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Jeffrey E. Rairan (Rairan), resides in a condominium unit located at 110 Washington Street in South Norwalk. In or about January of 1999, Rairan began to file complaints with various authorities regarding noise and odors emanating from Liquid, a nightclub that leased space in the same condominium. In or about April of 1999, SONO Urban Retail, LLC (SONO), the owner of the condominium space leased by Liquid, instituted eviction proceedings against Liquid.[1] Subsequently, in or about November of 1999, Rairan brought this action against defendants, Mario Marro and Michael Fazio, the owners of Liquid, and SONO.[2] In a revised amended complaint (complaint), Rairan alleged negligence, third party breach of contract and negligent infliction of emotional distress against SONG in counts five, six and seven, respectively. SONG filed an answer, special defenses to counts five, six and seven of the complaint and a counterclaim alleging abuse of process. Rairan has now moved to strike SONO's special defenses and counterclaim.[3] "The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. DanaInvestment Corp., 249 Conn. 1, 17, 730 A.2d 1128 (1999). "Whenever any party wishes to contest . . . the legal sufficiency of any answer to any complaint, counterclaim or cross complaint, or any part of that answer including any special defense contained therein, that party may do so by filing a motion to strike . . ." Practice Book § 10-39. "In . . . ruling on the . . . motion to strike, the trial court [has an] obligation to take the facts . . . alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas, 221 Conn. 530, 536,606 A.2d 684 (1992). "A motion to strike admits all facts well pleaded." (Citations omitted.) Parsons v. United Technologies Corp., 243 Conn. 66,68, 700 A.2d 655 (1997).
First, the court will address Rairan's motion to strike SONO's special defenses. Rairan argues that SONO's special defenses are legally insufficient because they do not allege facts based on Rairan's complaint, but rather are conclusory in nature. SONO responds that pursuant to Practice Book § 10-41,[4] Rairan's motion is defective as Rairan has failed to set forth reasons for the insufficiency of each special defense. Rairan's motion states that "the plaintiff . . . moves to strike all of the special defenses alleged by the defendant . . . as each of them fails to state a recognized defense pursuant to Connecticut law."
When a plaintiff "[does] not specify the distinct reasons for the claimed insufficiency of the [defendant's special defenses] in its motion, the motion [is] fatally defective under Practice Book § 154 [now Practice Book § 10-41] notwithstanding the [plaintiff's] CT Page 3106 inclusion of such reasons in its supporting memorandum." (Internal quotation marks omitted.) Bouchard v. People's Bank, 219 Conn. 465, 468
n. 4, 594 A.2d 1 (1991). A court will deny the motion to strike if the motion is fatally defective and the non movant has objected to its form.Akoury v. Kramer, Superior Court, judicial district of Milford at Milford, Docket No. 056064 (August 20, 1997, Curran, S.T.R.) (20 Conn. L. Rptr. 313); see also Buddington v. Sterling Winthrop, Inc.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 327296 (November 12, 1993, Zoarski, J.) (10 Conn. L. Rptr. 358, 361) (court denied motion to strike which failed to specify distinct reasons for claimed insufficiency because form of motion fatally defective and defendants objected to it).
However, "even if the nonmovant has objected to the form of the motion, some courts have ruled that where the grounds are clearly stated in the [movant's] brief, and there is no indication that failing to include them in the motion itself was prejudicial to the [nonmovant], the objection should be overruled." (Brackets in original; internal quotation marks omitted.) Doran v. Anderson, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357391 (February 18, 1999, Skolnick,J.); see also Carrie Santanqelo Realty v. City of Derbx, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 055447 (January 30, 1998, Flynn, J.); A. Secondino Son v. L.D. Land Co.,
Superior Ccurt, judicial district of New Haven at New Haven, Docket No. 359726 (December 29, 1994, Hadden, J.) (13 Conn. L. Rptr. 232). In the present case, although Rairan's motion to strike lacks specificity, his memoranda of law adequately submit the material issues to the court and there is no indication that failing to include the grounds in the motion itself was prejudicial to the defendant. Consequently, regardless of SONO's objection to Rairan's motion to strike, the court will consider Rairan's motion.
"A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis omitted; internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 588, 693 A.2d 293 (1997); see also DeSimone v.Dino, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 159293 (October 13, 1998, D'Andrea, J.). In the present case, SONO's special defenses do not contain facts consistent with the complaint that tend to show that Rairan has no cause of action. SONG's special defenses contain conclusions unsupported by facts and are therefore, legally insufficient. See Shuster v. Shuster, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 062255 (May 23, 2000, Nadeau, J.) (court granted motion to strike special defenses because legal conclusions unsupported by factual allegations); Corbin v.Arcadia Financial Ltd., Superior Court, judicial district of Waterbury at CT Page 3107 Waterbury, Docket No. 151811 (March 31, 2000, Leheny, J.) (same). "A motion to strike is properly granted if the [special defenses allege] mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992). Accordingly, Rairan's motion to strike SONO's special defenses is granted.
Next, the court will address Rairan's motion to strike SONO's counterclaim alleging abuse of process. Rairan argues that SONO's counterclaim is legally insufficient because it does not allege that Rairan is seeking to accomplish an illegal purpose by pursuing this litigation. SONG responds that it has sufficiently alleged the elements required to set forth a claim of abuse of process. "An action for abuse of process lies against any person using a legal process against another in an improper maimer or to accomplish a purpose for which it was not designed." (Internal quotation marks omitted.) Mozzochi v. Beck,204 Conn. 490, 494, 529 A.2d 171 (1987) see also Northwestern Mutual LifeIns. Co. v. Estate of Greathouse, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 164835 (April 10, 2000,D'Andrea, J.). "Thus, in order for a party to allege properly the elements of this cause of action, the claim must assert facts indicating that process was misused or abused." Bank Leumi Trust Co. of New York v.Modell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 146200 (February 28, 1996, Stevens, J.).
In the present case, SONO alleges in its counterclaim that Rairan knew of the eviction proceeding against Liquid and agreed to cooperate with SONG in the eviction proceeding. SONG alleges that despite this knowledge, Rairan filed this lawsuit against SONG in an attempt to force an accelerated resolution of the eviction proceeding on terms which were satisfactory to Rairan. SONG alleges that the filing of this action constitutes a use of the judicial system for an improper purpose. Consequently, the court finds that SONO's allegations sufficiently state a claim for abuse of process. Accordingly, Rairan's motion to strike SONO's counterclaim is denied.
In conclusion, Rairan's motion to strike SONO's special defenses is granted and Rairan's motion to strike SONO's counterclaim alleging abuse of process is denied.
So Ordered.
D'ANDREA, J.