## MORGAN BUILDINGS AND SPAS, INC. *v.* DEAN'S STOVES AND SPAS, INC., ET AL.
### (AC 18393)

Lavery, Schaller and Mihalakos, Js.[1]

Argued October 29, 1999—officially released July 4, 2000

*Mark W. Korotash*, for the appellant (plaintiff).

*Richard E. Hayber*, for the appellees (defendants).

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Opinion*

SCHALLER, J. In this action for breach of contract[2] in connection with the sale of spa equipment, the plaintiff, Morgan Buildings and Spas, Inc., appeals from the judgment of the trial court rendered in favor of the defendants, Dean's Stoves and Spas, Inc. (Dean's), and Dean W. Michanczyk, individually, as guarantor of the debts of Dean's. The plaintiff claims that the court improperly (1) concluded on the basis of the evidence presented that delivery of certain of the goods at issue was not established and (2) admitted into evidence exhibits that were not provided to the plaintiff during discovery.[3] We affirm the judgment of the trial court.

The record discloses the following facts. Michanczyk had done business with the plaintiff since 1991. Michanczyk ordered spas and spa materials from the plaintiff's national sales manager. The sales manager would forward the order to the plaintiff's manufacturing plant, at which time the plaintiff would generate a bill of lading.

The plaintiff demanded prepayment of any material that it shipped. To facilitate prepayment and because it did not have the necessary capital, Dean's maintained a credit line with TransAmerica Finance (TransAmerica). When Dean's placed an order, the plaintiff

---

[2] The plaintiff initially alleged breach of contract and quantum meruit, but later alleged claims of quantum meruit and unjust enrichment. See *Morgan Buildings & Spas, Inc.* v. *Dean's Stoves & Spas, Inc.*, judicial district of Hartford, Docket No. CV-97-0567187-S (July 17, 1998). As all theories require proof that the defendants received a benefit, which the plaintiff failed to establish, the actual characterization of the theory of recovery is not essential.

[3] The plaintiff also claims that the court improperly assessed the weight attributable to a bill of lading issued by a common carrier. The plaintiff cites to no authority from this jurisdiction that supports its assertion that a bill of lading, unsigned by the defendants, is entitled to greater weight than what was accorded to it by the court. "We will not review such claims, absent law and analysis." *New London Federal Savings Bank* v. *Tucciarone*, 48 Conn. App. 89, 101, 709 A.2d 14 (1998).

would contact TransAmerica, which would preapprove the purchase. The plaintiff then would notify Dean's, ship the material through a trucking company, and provide a bill of lading describing the material by serial number and model number. The bill of lading was signed by the truck driver when the material was loaded and signed by a Dean's representative when delivered. TransAmerica would pay the plaintiff when notified that the goods were received by Dean's. All billing was through TransAmerica; the plaintiff did not directly bill Dean's.

The plaintiff claimed and the defendants agreed that Dean's ordered sixteen spas in March, 1995. The plaintiff conceded that it received payment for two of the spas, but claimed that no payment was received for the remaining fourteen spas.

In its case-in-chief, the plaintiff offered fifteen exhibits, including bills of lading signed by the trucking company but not the recipient, invoices, a carbon copy of a check, a paid bill for the delivery of spas and a computer printout of a repair history. The model numbers and serial numbers referenced between the documents were inconsistent, and the spa shipment dates were similarly inconsistent. The plaintiff's exhibits were offered into evidence through its sole witness, Oleta Kaes, the plaintiff's department manager of sales operations. Kaes had no personal knowledge of any of the deliveries in question and obtained all information from the plaintiff's company files.

The sole witness for the defendants was Michanczyk, who offered his business records in the form of his ledgers, inventory records and TransAmerica records. The plaintiff objected to the admission of inventory aging documents, a check register and an order report, asserting that these documents should have been disclosed during discovery in accordance with its motion

for disclosure and production. During his testimony, Michanczyk admitted receipt of seven of the remaining fourteen spas at issue. He then supplied ledgers and TransAmerica's floor sheets to support his claim that payment was made for those seven spas. After a trial to the court, the court detailed its findings in a memorandum of decision.

I

The plaintiff first argues that the court improperly concluded that it had failed to establish delivery of or nonpayment for seven of the fourteen spas at issue. We agree that the plaintiff did not meet its burden.

"As prerequisites to recovery . . . a seller must establish acceptance by the buyer of goods sold and delivered, as well as the failure of the buyer to fulfill his payment obligation." *Swift & Co.* v. *Rexton, Inc.,* 187 Conn. 540, 542, 447 A.2d 9 (1982). A plaintiff seeking damages under either a claim for breach of contract, unjust enrichment, or quantum meruit must establish that the defendant received a benefit, which in this case equates to proof of delivery. "The obligation of the seller is to transfer and deliver . . . ." General Statutes § 42a-2-301. "Plaintiffs seeking recovery for unjust enrichment must prove . . . that the defendants were benefitted . . . ." (Internal quotation marks omitted.) *Hartford Whalers Hockey Club* v. *Uniroyal Goodrich Tire Co.,* 231 Conn. 276, 283, 649 A.2d 518 (1994). "Quantum meruit . . . is the form of action which has been utilized when the benefit received was the work, labor, or services of the party seeking restitution." *Burns* v. *Koellmer,* 11 Conn. App. 375, 384, 527 A.2d 1210 (1987).

The court found the evidence introduced by the plaintiff in the form of invoices, bills of lading unsigned by the defendants and repair documents insufficient to establish that the defendants received the spas in question. The court's finding that the plaintiff failed to estab-

lish that the defendants received seven of the fourteen spas was not clearly erroneous.

"It is the province of the trier of fact to weigh the evidence presented and determine the credibility and effect to be given the evidence. See *Hally* v. *Hospital of St. Raphael*, 162 Conn. 352, 359, 294 A.2d 305 (1972). On appellate review, therefore, we will give the evidence the most favorable reasonable construction in support of the verdict to which it is entitled." *Swift & Co.* v. *Rexton, Inc.*, supra, 187 Conn. 543. "It is not within the power of this court to find facts or draw conclusions from primary facts found by the trial court. As an appellate court, we review the trial court's factual findings to ensure that they could have been found legally, logically and reasonably." (Internal quotation marks omitted.) *Lembo* v. *Schlesinger*, 15 Conn. App. 150, 154, 543 A.2d 780 (1988). "Appellate review under the clearly erroneous standard is a two-pronged inquiry: [W]e first determine whether there is evidence to support the finding. If not, the finding is clearly erroneous. Even if there is evidence to support it, however, a finding is clearly erroneous if in view of the evidence and pleadings in the whole record [this court] is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Nelson* v. *Nelson*, 13 Conn. App. 355, 359, 536 A.2d 985 (1988).

In light of these considerations, the court reasonably could have concluded that delivery of the spas in question was not established by a preponderance of the evidence. The evidence presented included bills of lading lacking the defendants' signatures and testimony from the plaintiff's employee, Kaes, who had no specific knowledge of the spas in question. The plaintiff relied almost exclusively on documents exhibiting numerous inconsistencies. Intermediaries also were involved in the spa shipments and the billing aspects of the transactions, adding uncertainty to the determination of liabil-

ity, as neither TransAmerica nor any shipping company was called as a witness or named as a party to this action. Moreover, the court's finding that Dean's adequately established that it had paid for the seven spas it admitted to receiving was supported by the submission of its ledgers and checks. Considering all of these factors, we are not persuaded that the evidence fails to support the court's findings, nor do we have a definite and firm conviction that a mistake has been committed.

II

The plaintiff next argues that the court abused its discretion in admitting into evidence documents that had not been provided to the plaintiff during discovery and that the court's action was prejudicial to the plaintiff's case. We disagree.

"It is well settled that [t]he trial court's ruling on the admissibility of evidence is entitled to great deference. *State* v. *Castonguay*, 218 Conn. 486, 497, 590 A.2d 901 (1991); *State* v. *Sharpe*, 195 Conn. 651, 659, 491 A.2d 345 (1985). [T]he trial court has broad discretion in ruling on the admissibility . . . of evidence. . . . [Its] ruling on evidentiary matters will be overturned only upon a showing of a clear abuse of the court's discretion. . . . We will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . *State* v. *Coleman*, 241 Conn. 784, 789, 699 A.2d 91 (1997). Moreover, evidentiary rulings will be overturned on appeal only where there was an abuse of discretion and a showing by the defendant of substantial prejudice or injustice. *State* v. *Alvarez*, 216 Conn. 301, 306, 579 A.2d 515 (1990) . . . . *State* v. *Beliveau*, 237 Conn. 576, 592, 678 A.2d 924 (1996); *State* v. *Colton*, 227 Conn. 231, 260, 630 A.2d 577 (1993), on appeal after remand, 234 Conn. 683, 663 A.2d 339 (1995), cert. denied, 516 U.S. 1140, 116 S. Ct. 972, 133 L. Ed. 2d 892 (1996). . . . *State* v.

*Hines*, 243 Conn. 796, 801, 709 A.2d 522 (1998); see *Casalo* v. *Claro*, 147 Conn. 625, 630, 165 A.2d 153 (1960) (discussing fundamental rule of appellate procedure in the review of evidential rulings . . . that [a party] has the burden of establishing that there has been an erroneous ruling which was probably harmful to him); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 3.5.10, citing *Casalo* v. *Claro*, supra, 630." (Internal quotation marks omitted.) *Gaudio* v. *Griffin Health Services Corp.*, 249 Conn. 523, 546–47, 733 A.2d 197 (1999).

The plaintiff claims that it was prejudiced by the admission into evidence of certain of the defendants' exhibits, despite the plaintiff's objection, because the exhibits contained information that was confusing and misleading. The plaintiff argues that it could have established that all spas were delivered had the defendants produced during discovery all documents relating to delivery. The defendants asserted that they produced all documents that were properly called for by the plaintiff's requests for production.

As indicated in part I of this opinion, the burden was on the plaintiff to establish delivery of the items in question. With respect to the plaintiff's assertion that it could have established delivery had the defendants complied with the production requests, "we decline to engage in the speculative exercise that this argument invites." *State* v. *McGraw*, 204 Conn. 441, 450, 528 A.2d 821 (1987). The plaintiff failed to establish that the admission of the documents in question resulted in substantial prejudice or injustice. We note that the court in its memorandum of decision stated, "At the end of the plaintiff's case, the defendants made a motion to dismiss for failure to make out a prima facie case. At this point, the court was tempted to grant the motion, but in . . . light of the special defense that the plaintiff had been paid and the implication that there might have

been a delivery, the court decided to deny the motion
. . . ." We therefore conclude that the admission of the
challenged exhibits was neither an abuse of discretion
nor did it result in substantial prejudice to the plaintiff.

The judgment is affirmed.

In this opinion the other judges concurred.