[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#112)
The issue in this case arises out of an action to collect a debt for medical services. The court must decide whether it should grant the plaintiff's motion for partial summary judgment on the ground that there is no genuine issue of material fact regarding the issue of the defendants' liability and that the plaintiff is entitled to judgment as a matter of law as to that issue alone.
On January 7, 2000, the plaintiff, Milford Hospital, commenced this action against the defendants, Louis Champeau and his wife Linda Champeau. For the sake of clarity, the Champeaus will be referred to by their first names. The plaintiff seeks to collect, from both defendants, the sum of $30,364.73 for medical services and supplies that it allegedly provided to the defendant, Louis, between the dates of October 29, 1998, and November 4, 1998, inclusive. The plaintiff alleges that the $30,364.73 balance remains unpaid. On July 20, 2000, the plaintiff filed an amended complaint. That complaint is brought in four counts. Count one is directed at the defendant, Louis. It sets out a claim for recovery, under the theory of quantum meruit, seeking $30,364.73, which the plaintiff claims is the reasonable value of medical services that it provided to him. Count two is directed at the defendant, Linda, pursuant to General Statutes § 46b-37, which imposes a joint duty on each spouse to support his or her family. Pursuant to that count, the hospital seeks to recover from Linda, the value of the services that it rendered to her husband, Louis. Count three is directed at both Linda and Louis. It sets out a claim for liability based on a patient authorization agreement that Linda executed on October 29, 1998, whereby she consented to Louis being treated and agreed to pay for such treatment, as well as attorney's fees and court and collection costs, in the event that the bill was not paid. Count three further alleges that the plaintiff rendered services to Louis based on the promise of his agent, Linda, to pay for those services. It alleges, therefore, that Louis, as principal, is liable pursuant to the agreement. it alleged, in the alternative, that if Linda had no authority to act for Louis, then Linda is principally liable for the debt. Count Four is also directed at both defendants. It CT Page 5741-t sets out a claim for recovery under the theory of unjust enrichment, seeking $30,364.73, which it again alleges is the reasonable value of services that it provided to Louis.
On December 22, 2000, the defendants filed an answer and two special defenses. In their answer, they deny that the $30,364.73, which the plaintiff shows as the outstanding balance, represents the reasonable value of medical services now due for the care it provided to Louis. The defendants admit that at all relevant times, they were husband and wife. As to the remainder of the complaint, the defendants respond by simply stating that they lack sufficient knowledge or information upon which to form a belief about the plaintiff's allegations, and leave the plaintiff to its proof. In their first special defense, the defendants allege that the fees charged by the hospital for the services it provided to Louis are excessive and unreasonable and, accordingly, they do not owe the plaintiff the amount that it claims is due. In their second special defense, the defendants allege that Linda signed the patient authorization agreement, which the plaintiff alleges as a basis for liability in count three of the complaint, under duress, and, therefore, the agreement is void and unenforceable.
On January 5, 2001, the plaintiff filed a motion for summary judgment on its complaint as to the issue of liability only. It moves on the ground that there are no genuine issues of material fact that the defendants are liable for the debt and that the special defenses raised by the defendants are insufficient to bar summary judgment on the issue of liability, as a matter of law. Along with its motion, the plaintiff filed a memorandum of law. Attached to its memorandum, is the affidavit of Frank Hughes, Director of Patient Accounts at Milford Hospital, in which Hughes avers that he is familiar with all patient admission and billing procedures and has personal knowledge of the following facts; services and supplies were provided to the defendant, Louis, as set forth in the complaint; a patient authorization record pertaining to said bill was executed by the defendant's wife; execution of such authorizations are not a condition of treatment; the amount currently due and owing for services rendered to Louis is $30,364.73. The plaintiff also attached a copy of an itemized bill, which reflects the $30,364.73 balance due, along with a copy of the signed patient authorization agreement executed by Linda on October 29, 1998.
On January 19, 2001, the defendants filed a memorandum in opposition to the plaintiff's motion in which they argue that genuine issues of material fact exist as to their liability for this debt and, therefore, the plaintiff's motion for summary judgment should be denied. The CT Page 5741-u defendants also argue that the hospital's summary judgment motion should be denied because the motion essentially attacks the allegations of their second special defense, which is appropriately done by a motion to strike and not by a motion for summary judgment. Along with their memorandum, the defendants submit the affidavit of Linda, in which she avers that she signed the agreement, consenting to Louis' treatment and obligating both herself and Louis for payment for services, plus attorney's fees and casts, under duress. Additionally, she avers that: she accompanied her husband to the hospital on October 29, 1998; while waiting in the emergency room with her husband a representative of the hospital took her aside and handed her a document, telling her that she had to sign it; it was her understanding that if she didn't sign the document, her husband would not be treated; and she signed only because she was concerned with her husband's urgent medical condition and wanted to ensure that he would be treated.
Summary judgment "sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. . . ." (Citations omitted; internal quotation marks omitted.) Miles v. Foley,253 Conn. 381, 386, 752 A.2d 503 (2000). The party opposing summary judgment cannot prevent judgment from entering by simply asserting that there are genuine issues of fact in dispute. Barrett v. DanburyHospital, 232 Conn. 242, 255, 654 A.2d 748 (1995). "[I]n order to oppose successfully a motion for summary judgment, the opposing party must recite facts . . . which contradict those offered by the moving party."Connecticut National Bank v. Hubney, 182 Conn. 310, 312, 438 A.2d 430
(1980) Further, "a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." Barrett v. Danbury Hospital, supra, 232 Conn. 255.
"A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. In such a case the judicial authority shall order an immediate hearing before a judge trial referee, before the court, or before a jury, whichever may be proper, to determine the amount of the damages." (Internal quotation marks omitted.) Ariel v. Blechman, Superior Court, CT Page 5741-v judicial district of Stamford-Norwalk at Stamford, Docket No. 158694 (April 13, 200, D'Andrea, J.); see also Practice Book § 17-50.[1]
The issue before the court is whether there exists a genuine issue of material fact as to whether the defendants are liable to pay the hospital for services it rendered to Louis. The plaintiff argues that it is entitled to summary judgment on all four counts of its complaint because, based on the affidavit of Hughes and the other evidentiary proof submitted, it has established that there is no dispute about the fact that the defendants are liable for the debt representing the value of services. It argues that the defendants cannot simply rely on their special defenses to oppose summary judgment but, rather, they must allege facts that contradict those facts that it, the moving party, has offered, thereby creating a triable issue of fact. This, it argues, the defendants have failed to do.
Conversely, the defendants assert that there are genuine issues' of material fact as to liability and, therefore, the plaintiff's motion for summary judgment as to that issue should be denied. They argue that genuine issues of fact exist as to count two because as a prerequisite to liability under § 46b-37 a plaintiff must prove that the hospital's services were reasonable and necessary and the plaintiff in this case has offered no proof as to these issues. They also argue that they have raised genuine issues of fact as to their liability under the patient authorization agreement by way of their special defense of duress.
"Under appropriate circumstances, a defendant's admission of liability can serve as a valid basis for the entry of summary judgment, even where the defendant contests the claimed nature or extent of damages. Such court action is appropriate where a defendant clearly and explicitly admits liability, or where the nature and existence of such liability is established, without question, by the pleadings and documents submitted in support of the summary judgment motion." RLT Ins. Co. v. RooseveltBuilding Products Co., Superior Court, judicial district of Hartford, Docket No. 592930 (October 16, 2000, Rubinow, J.). Additionally, summary judgment is particularly appropriate in a case where an examination of the affidavit and exhibits accompanying a plaintiff's motion discloses the unchallenged existence of unpaid debts. PDC Associates v. Incerto,
Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 174804 (November 28, 2000, Hickey, J.); Estate of Baraglia v.Poulos, Superior Court, judicial district of New Britain, Docket No. 497776 (September 18, 2000, Kocay, J.); Norton v. McGee, Superior Court, judicial district of Middlesex at Middletown, Docket No. 091181 (July 17, 2000, Arena, J.); Ariel v. Blechman, supra, Superior Court; Docket CT Page 5741-w No. 158694; DeAngelo v. Yale, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 013584 (October 14, 1999,Grogins, J.); Ocwen Federal Bank v. Landock, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 056885 (December 12, 1997, Curran, J.).
In their answer to the plaintiff's complaint, the defendants deny the plaintiff's allegations that $30,364.73 is the reasonable value of the medical services rendered to Louis and, accordingly, that $30,364.73 is the amount of money that is owed to the plaintiff. In response to the plaintiff's allegation that it provided medical services and supplies to Louis, however, the defendants have pled that they lacked insufficient knowledge or information upon which to form a belief as to that allegation and left the plaintiff to its proof. The defendants have not denied, in their answer or in any of the evidentiary documentation that they have attached to their memorandum, that Louis was treated by the plaintiff or that they are liable to pay the plaintiff for that treatment. The defendants simply deny that they are liable for the specific sum that the hospital claims is due, $30,364.73. Further, as to count two, the defendants have admitted that they were married during the time that Louis was treated. They have made no allegations that Linda was not liable for her husband's support because the two were not married or were separated during that particular time period, which would have raised a triable issue as to Linda's liability under § 46b-37.
When a party moves for summary judgment and "there . . . [are] no contradictory affidavits, the court properly . . . [decides] the motion by looking only to the sufficiency of the plaintiff's affidavits and other proof." Heyman Associates No. 1 v. Ins. Co. of Pennsylvania,231 Conn. 756, 795, 653 A.2d 122 (1995). While the defendants in the present case have not expressly admitted liability, liability has, nonetheless, been established by the pleadings and other evidence submitted by the plaintiff; that is, based on the pleadings, affidavits and other proof submitted, the plaintiff has established that there is no genuine issue as to the defendants' liability for the debt. Further, the defendants have failed to deny liability or allege facts, in their answer or affidavit, that contradict those facts offered by the plaintiff as to that issue. The sole issue in dispute, in this case, is not whether the defendants owe the hospital but, rather, how much the defendants owe the hospital. Accordingly, the court concludes that there is no genuine issue of material fact as to the defendants' liability for the services rendered.
The defendants also raise two special defenses. Accordingly, the court CT Page 5741-x must examine the defenses raised by the defendants in order to determine whether the plaintiff is entitled to judgment as a matter of law as to the issue of liability. The plaintiff contends that the defendants' special defenses are insufficient as a matter of law. As to the first special defense, which is that the charges are unreasonable, the plaintiff argues that the reasonableness of the charges goes to the issue of damages and not to the issue of liability and, therefore, does not bar summary judgment as to liability. As to the second special defense, the plaintiff asserts that the defendants' claim of duress must fail because it contains no factual allegations that tend to demonstrate that the plaintiff has engaged in wrongful conduct, which it alleges is essential to establishing a claim of duress. Accordingly, the plaintiff argues that, because there are no genuine issues of material fact as to liability and because the defendants' special defenses are legally insufficient, that it is entitled to summary judgment on the issue of liability as a matter of law. The defendants, on the other hand, argue that their special defenses bar summary judgment as to counts two and three as a matter of law and, further, that these defenses raise genuine issues of material fact. For the reasons stated below, the court agrees with the plaintiff.
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) City v. Dana Investment Corporation, 249 Conn. 1, 17,730 A.2d 1128 (1999); see also Practice Book § 10-50. The burden of pleading and proving a special defense rests with the party asserting it.Branch v. Occhionero, 239 Conn. 199, 205-06, 681 A.2d 306 (1996).
In their first special defense, which is directed at all four counts of the complaint, the defendants allege that the fees that the hospital charged for Louis' treatment are excessive and unreasonable and, therefore, the defendants do not owe the amount claimed. The court finds that these allegations are insufficient to demonstrate that, despite the truthfulness of the plaintiff's allegations, the defendants are not liable for this hospital bill as a matter of law. These allegations merely demonstrate that the defendants may not be liable for the amount of money that the hospital claims due. As to counts one and four, quantum merit and unjust enrichment are equitable theories of recovery that merely require the plaintiff to prove that the defendant has received a benefit at the expense of the plaintiff for which the plaintiff has not been compensated. Morgan Building and Seas v. Dean's Stoves Spas,58 Conn. App. 560, 563 and 567, 753 A.2d 957 (2000). These theories of recovery are available to a party who may not recover under a contract CT Page 5741-y theory because of the absence of a valid contract. Rosick v. EquipmentMaintenance Service, Inc., 33 Conn. App. 25, 37, 632 A.2d 1134 (1993). The measure of recovery under these theories of recovery is the reasonable value of goods or services conferred on the defendant, or the loss suffered by the plaintiff. Barrett Builders v. Miller, 215 Conn. 316,328, 576 A.2d 455 (1990). Accordingly, the defendants' allegations as to the reasonableness of the plaintiff's charges do not go to the issue of liability as to counts one and four because reasonableness is not an element of those theories of recovery. It relates, instead, to the measure of recovery, that is, how much money the plaintiff is entitled to as damages.
As to count two, § 46b-37 (b) provides that "it shall be the joint duty of each spouse to support his or her family, and both shall be liable for: (1) The reasonable and necessary services of a physician or dentist; (2) hospital expenses rendered the husband or wife. . . ." The court finds that, while the language of the statute requires that the services of a physician or dentist be reasonable or necessary before liability is imposed under subsection (1), the statute does not require a showing of reasonableness or necessity for hospital expenses under subsection (2); the statutory language, as well as common sense, dictate that hospital expenses are presumptively a necessity. Moreover, as previously stated, the reasonableness of the charges relates to damages and not liability; for that reason, this defense does not negate the defendants liability under count two or count three. The court, therefore, concludes that the defendants' first special defense does not preclude summary judgment on the issue of liability on any of the four counts of the plaintiff's complaint. Further, the court concludes that, thus far, there are no genuine issues of material fact in dispute as to the defendants liability and the plaintiff is entitled to judgment as a matter of law as to that issue.
In their second special defense, which is directed at count three only, the defendants allege that because Linda signed the patient authorization agreement under duress, the agreement is unenforceable. They allege that, at the time that Linda signed the agreement, Louis was having a heart attack. They further allege that Linda was told that she had to sign the agreement in order for her husband to receive care. The defendants also allege that Linda believed that if she did not sign the agreement her husband would not be treated. Finally, they allege that Linda signed the agreement not of her own free will but, rather, under duress. Accordingly, they argue that because Linda signed the agreement not of her own volition but under duress, it is void and, therefore, neither defendant is liable for payment under that agreement. In the CT Page 5741-z affidavit submitted by the defendants, Linda essentially avers these same facts.
A party seeking to avoid enforcement of a contract by claiming duress must prove: "[1] a wrongful act or threat [2] that left the victim no reasonable alternative, and [3] to which the victim in fact acceded, and that [4] the resulting transaction was unfair to the victim." BarbaraWeisman, Trustee v. Kaspar, 233 Conn. 531, 552 n. 15, 661 A.2d 530
(1995), citing 1 Restatement (Second), Contracts §§ 175 and 176 (1981); 2 D. Dobbs, Law of Remedies (2nd Ed. 1993) c. 10, § 10.2 (1), p. 635. The court finds that the defendants' second special defense and supporting evidentiary documentation contain no allegations that the plaintiff engaged in some form of wrongful conduct by asking Linda to sign the patient authorization agreement.
Also, duress requires that the resulting transaction be unfair to the victim, thus, in this case the agreement requiring payment for hospital services would have to be unfair. The defendants in this case have not and cannot seriously argue that an agreement requiring them to pay for services that they admittedly received and benefitted from is unfair. While they might argue that it is unfair that they are now liable, pursuant to that agreement, to pay attorney's fees and collection costs in addition to the fees for services, that unfairness arises not as a result of signing the agreement but, rather, as a result of the defendants failure to pay the bill. Further, even if the court assumes that the defendants have sufficiently alleged facts to maintain their special defense of duress, that defense does not bar summary judgment on the plaintiff's complaint as a matter of law. The duress defense does not have any effect on the outcome of this case because it only applies to count three and the court has already found that there are no genuine issues of material fact that the defendants are liable on the other three counts of the complaint and that the defendants have raised no special defenses that negate their liability as to those counts as a matter of law. Thus, the court grants summary judgment as to count two, pursuant to § 46b-37
(b)(2), and count three, pursuant to the patient authorization agreement. Because the court finds that the defendants are liable pursuant to an express agreement, it is unnecessary for the court to consider summary judgment on the plaintiff's equitable claims under counts one and four.
Based on the pleadings and other proof submitted, the plaintiff has met its burden of proving that there are no genuine issues of material fact as to the issue of liability. The defendants, on the other hand, have failed to provide an evidentiary foundation to demonstrate that a genuine CT Page 5741-aa issue of fact exists. The defendants' special defenses have also failed to demonstrate that, despite the truth of the plaintiff's allegations, the plaintiff has no cause of action as a matter of law. Accordingly, the plaintiff's motion for summary judgment is granted as to counts two and three on the issue of liability alone and denied as to counts one and four. Further, because the amount of damages owes. to the plaintiff remains in dispute, the court orders, pursuant to Practice Book §17-50, that the matter be set down for an immediate hearing in order to determine the amount of the plaintiff's damages.
GROGINS, J.