[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8855 ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
The defendant seeks judgment on counts one and two of the plaintiffs complaint. For the reasons stated below, the defendant's motion for summary judgment (#104) is denied as to both counts.
 I. BACKGROUND
The following facts are alleged by the plaintiff, Edwin Rodriguez, in his complaint. On December 31, 1999, the defendant, Tamara Massalski, acting through her agent, Morris Massalski, her son, traded her 1990 Honda Accord to the plaintiff for his 1987 Cadillac Deville. Morris Massalski and the plaintiff exchanged cars, registrations, bills of sale and insurance cards. The bills of sale were subsequently recorded with the state of Connecticut department of motor vehicles. Morris Massalski and the plaintiff also agreed to exchange titles in the future.
On February 15, 2000, the plaintiff obtained a copy of his title from the department of motor vehicles and went to 180 Pierremount Avenue in New Britain, the Massalskis' residence, to exchange titles with Morris Massalski. Morris Massalski told the plaintiff that his uncle had the title to the Honda and he would make drop it off. They agreed to remain in contact. In anticipation of the exchange of titles, the plaintiff spent $245 on mechanical and cosmetic repairs and improvements to the Honda. On March 15, 2000, the plaintiff again went to 180 Pierremount Avenue in New Britain and was informed that Morris Massalski and the defendant had moved to an unknown address. Later that day, the plaintiff saw Morris Massalski and the Cadillac on Broad Street in New Britain. The plaintiff again inquired about the title to the Honda and again Morris Massaiski told him that he did not have the title, but expected to have it soon.
On April 3, 2000, the plaintiff received notice from the New Britain police department that the Cadillac had been destroyed in a fire. In addition, the plaintiff was informed that he owed RM Auto of New Britain $700 for towing and $24 a day for storage because the Cadillac was still registered in his name. On April 5, 2000, the defendant had the New Britain police recover the Honda fr6m the plaintiff.
On September 26, 2000, the plaintiff filed the present complaint alleging two counts. Count one alleges breach of contract. Count two alleges unjust enrichment. On February 15, 2001, the defendant filed a motion for summary judgment. The defendant seeks judgment on count one, contending that Morris Massaiski was not her agent. The defendant seeks CT Page 8856 judgment on count two on the ground that the defendant has not benefitted from the alleged trade and, thus, was not unjustly enriched. Accompanying her motion for summary judgment is a memorandum of law in support of the motion for summary judgment and an affidavit of Tamara Massalski.
The plaintiff filed a memorandum of law in opposition to the defendant's motion for summary judgment accompanied by an affidavit of Edwin Rodriguez, an affidavit of Leiza Serrano, a bill of sale dated December 31, 1999, and two notices of motor vehicle tow dated March 31, 2000 and April 5, 2000. The court heard argument at short calendar on April 9, 2001, and, after reviewing the relevant pleadings, affidavits and exhibits, now issues this opinion.
 II. STANDARD OF REVIEW
"Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted; internal quotation marks omitted.) Miles v.Foley, 253 Conn. 381, 385-86, 752 A.2d 503 (2000). "The test is whether a party would be entitled to a directed verdict on the same facts." Sherwoodv. Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730 (2000). "Summary judgment `is appropriate only if a fair and reasonable person could conclude only one way. . . . The movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . [A] summary disposition . . . should be on evidence which ajury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. . . . [A] directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Morascini v. Commissioner of Public Safety, 236 Conn. 781,808-09, 236 A.2d 1340 (1996).
 III. DISCUSSION A. Breach of Contract
CT Page 8857
The defendant argues that summary judgment is appropriate because the plaintiff fails to allege a factual basis to support the existence of an agency relationship between the defendant and Morris Massalski. The plaintiff responds by contending that the facts alleged do support a theory of agency.
"Agency is defined as the fiduciary relationship which results from manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. . . . Thus, the three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking." (Citations omitted.)Gateway v. DiNoia, 232 Conn. 223, 239-40, 654 A.2d 342 (1995). "A principal is generally liable for the authorized acts of his agent; 1 Restatement (Second), Agency § 140, p. 349 (1958); and in certain circumstances, both the agent and the principal may be liable for the acts of the agent. 2 Restatement (Second), Agency § 322, p. 72." Id., 240.
"[U]nder the ordinary rules of contract, an agent who has apparent authority, but not express authority, can bind his principal, especially as to parties who act in good faith." Hall-Brooke Foundation, Inc. v.City of Norwalk, 58 Conn. App. 340, 344, 752 A.2d 523 (2000). "Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses. . . . Consequently, apparent authority is to be determined, not by the agent's own acts, but by the acts of the agent's principal." (Citations omitted; internal quotation marks omitted.)Tomlinson v. Board of Education, 226 Conn. 704, 734, 629 A.2d 333
(1993). "Apparent authority may be derived from a course of dealing."Edart Truck Rental Corp. v. B. Swirsky Co., 23 Conn. App. 137, 140,579 A.2d 133 (1990).
"The issue of apparent authority is one of fact, requiring the trier of fact to evaluate the conduct of the parties in light of all the surrounding circumstances." (Internal quotation marks omitted.) Id. "The nature and extent of an agent's authority is a question of fact for the trier." (Internal quotation marks omitted.) Newtown Associates v.Northeast Structures, Inc., 15 Conn. App. 633, 637, 546 A.2d 310 (1988).
In the present case, the defendant has submitted only her affidavit stating that Morris Massalski was never authorized to transfer, sell or otherwise encumber her Honda. "It is especially appropriate to hold an affidavit by a moving party to a stringent standard." Evans Products Co.CT Page 8858v. Clinton Building Supply, Inc., 174 Conn. 512, 516, 391 A.2d 157
(1978). Affidavits containing self-serving and unsubstantiated allegations need not be viewed as persuasive by the court. See 2830Whitney Avenue Corp. v. Heritage Canal Development Assoc., Inc.,33 Conn. App. 563, 568, 636 A.2d 1377 (1994).
"The testimony of the principal, however, is not necessary to prove agency. The existence and extent of an agency relationship may be established by circumstantial evidence based upon an examination of the situation of the parties, their acts and other relevant information. . . . The agent also may provide evidence regarding the facts and the surrounding circumstances of a relationship that demonstrates the existence of an agency relationship." (Citations omitted.) Gateway v.DiNoia, supra, 232 Conn. 240-41. Ultimately, however, "[t]he existence of agency is a question of fact to be determined by the trier of fact"; id., 240; and, therefore, is inappropriate for resolution by a motion for summary judgment.
Here, the affidavits submitted by the plaintiff reflect numerous visits by the plaintiff to the defendant's residence, at which the defendant was present, and at which the plaintiff was driving the Honda. On three occasions, according to the plaintiff, he saw the Cadillac parked in front of the residence. (Affidavit of Edwin A. Rodriquez, ¶¶ 3-7; see also Affidavit of Leiza Serrano, ¶¶ 3-6.) This course of dealing, coupled with the other facts alleged concerning the trade of the vehicles, presents a genuine issue of material fact as to whether an agency relationship existed between the defendant and Morris Massalski.
The plaintiff argues, in the alternative, that even if the defendant did not authorize Morris Massalski to trade the Honda, she ratified the trade by failing to retrieve her Honda for over three months. "As a general rule, [r]atification is defined as the affirmance by a person of a prior act which did not bind him but which was done or professedly done on his account. . . . Ratification requires acceptance of the results of the act with an intent to ratify, and with full knowledge of all the material circumstances." II Giardino. LLC v. The Belle Haven Land Co.,254 Conn. 502, 530, 757 A.2d 1103 (2000). "Ratification in a given case depends ultimately upon the intention with which the act or acts, from which ratification is claimed, were done, and since intention is a mental fact and its finding clearly one of fact, the finding in a given case of ratification is one of fact. . . ." Id., 531. Accordingly, the court finds a question of fact as to whether the defendant ratified the trade.
 B. Unjust Enrichment
The defendant claims that there is no factual basis for unjust CT Page 8859 enrichment because she did not benefit from the alleged trade. "As we have recognized often, `[a] right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another. . . . With no other test than what, under a given set of circumstances, is just or unjust, equitable or inequitable, conscionable or unconscionable, it becomes necessary in any case where the benefit of the doctrine is claimed, to examine the circumstances and the conduct of the parties and apply this standard." (Citations omitted.) Gagne v. Vaccaro, 255 Conn. 390,408-09, 766 A.2d 416 (2001).
"Unjust enrichment is a very broad and flexible equitable doctrine that has as its basis the principle that it is contrary to equity and good conscience for a defendant to retain a benefit that has come to him at the expense of the plaintiff. . . . The doctrine's three basic requirements are that (1) the defendant was benefitted, (2) the defendant unjustly failed to pay the plaintiff for the benefits, and (3) the failure of payment was to the plaintiffs detriment." Id., 409. "As prerequisites to recovery . . . a seller must establish acceptance by the buyer of goods sold and delivered, as well as the failure of the buyer to fulfill his payment obligation. . . . A plaintiff seeking damages under either a claim for breach of contract, unjust enrichment, or quantum meruit must establish that the defendant received a benefit, which in this case equates to proof of delivery. The obligation of the seller is to transfer and deliver." (Citations omitted.) Morgan Building Spas v.Dean's Stoves Spas, 58 Conn. App. 560, 563, 753 A.2d 957 (2000).
Whether the plaintiff transferred and delivered the Cadillac to the defendant tums on whether Morris Massalski was, in fact, an agent for the defendant. Because there is a question of fact as to whether an agency relationship existed, the motion for summary judgment must be denied as to count two.
 IV. CONCLUSION
The court finds questions of fact as to whether Morris Massalski was the defendant's agent and whether the defendant ratified Morris Massalski's actions. Accordingly, the defendant's motion for summary judgment as to count one is hereby denied. Furthermore, there is a question of fact as to whether the defendant benefitted from the transfer. Accordingly, the defendant's motion for summary judgment as to count two is hereby denied. It is so ordered.
BY THE COURT, CT Page 8860
 ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT