[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Presently before the court is the defendant's motion for summary judgment as to counts, two, five and six. On March 28, 2001, the plaintiff, agent Louis Ranciato, doing business as Executive Services, filed a six count complaint against the defendants, Biller Associates Tri-State, Inc., David Wright Biller, Lewis Maffeo and Victor Lange. On March 8, 2001, a fire caused extensive damage to Lange's residence. On Friday, March 9, 2001, Lange signed a public adjuster employment contract with Ranciato to advise and assist in the adjustment and the settlement of the insurance claims arising out of the fire. On Saturday, March 10, 2001, Lange executed a handwritten letter canceling the contract with Ranciato and then entered into a public adjuster employment contract with Lewis Maffeo of Biller Associates Tri-State, Inc. On Monday, March 12, 2001, Lange sent notice canceling the public adjuster contract with Ranciato to Executive Services, via certified mail, return receipt requested. Executive Services received the cancellation on Wednesday, March 14, 2001.
Ranciato filed the present action seeking to recover damages for the work done on Lange's claim prior to his receipt of the written notice of cancellation. Ranciato alleges that he is entitled to recovery because Lange allowed him to work on the claim despite the fact that he already signed a contract with Maffeo. Counts one, two and three of the complaint allege tortious interference with contractual relations, civil conspiracy and fraud respectively against Biller Associates Tri-State, Inc., Biller, Maffeo and Lange. Count four alleges negligent infliction of emotional distress against each defendant except Lange. Counts five and six are directed against Lange only, alleging promissory estoppel and quantum meruit respectively.
On July 27, 2001, Lange filed an answer and special defense asserting CT Page 12233 that his timely cancellation of the contract with Ranciato rendered it void ab initio pursuant to General Statutes § 38a-724. Lange now moves for summary judgment as to counts two, five and six. Ranciato argues that genuine issues of material fact exist pertaining to the claims of promissory estoppel and quantum meruit. Ranciato fails, however, to address the claims of tortious interference with contractual relations, civil conspiracy and fraud, claims upon which Lange has also moved for summary judgment.
 DISCUSSION
"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to a judgment as a matter of law." (Citation omitted; internal quotation marks omitted.) LaFlamme v. Dallessio, 261 Conn. 247, 250, (2002). "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Emphasis in original; internal quotation marks omitted.)Mytch v. May Dept. Stores Co., 260 Conn. 152, 164 n. 8, 793 A.2d 1068
(2002). "A genuine issue has been variously described as a triable, substantial or real issue of fact and has been defined as one which can be maintained by substantial evidence." (Citation omitted; internal quotation marks omitted.) United Oil v. Urban Development Commission,158 Conn. 364, 378, 260 A.2d 596 (1969). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) BuellIndustries, Inc. v. Greater New York Mutual Insurance Co., 259 Conn. 527,556, 791 A.2d 489 (2002). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 500, 538 A.2d 1031 (1988).
Count two (civil conspiracy), as brought against Lange, is premised upon the alleged breach of the public adjuster employment contract between Lange and Ranciato. Because the material facts pertaining to the making and cancellation of the contract between Ranciato and Lange are not in dispute, the primary issue before the court is whether the public adjuster employment contract between Ranciato and Lange is void ab initio pursuant to General Statutes § 38a-724, thereby depriving Ranciato of CT Page 12234 a valid cause of action alleging a civil conspiracy to deprive the plaintiff of the fruits of the contract.
Section 38a-724, provides: "The use of an employment contract between a public adjuster and a client shall be mandatory. Such contract shall contain a provision specifying that the client may cancel the contract, provided he notifies the public adjuster at his main office or branch office at the address shown in the contract, by certified mail, return receipt requested, posted not later than midnight of the second calendar day after the day on which the client signs the contract, except that if the signing is on a Friday, Saturday or Sunday, the cancellation shall be posted not later than midnight of the Tuesday immediately following, and thereafter the contract shall be void ab initio." (Emphasis added.)
"Construction of a statute is a question of law for the court. . . . In the construction of a statute, no word should be treated as superfluous or insignificant." Lees v. Middlesex Insurance Co., 219 Conn. 644, 650,594 A.2d 952 (1991). "When the language of a statute is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent." (Internal quotation marks omitted.) Winslow v. Lewis Shepard, Inc., 216 Conn. 533,538, 582 A.2d 1174 (1990). "A statute is not to be interpreted to thwart its purpose." Water Pollution Control Authority v. Keeney, 234 Conn. 488,498, 662 A.2d 124 (1995)
The language of the statute is clear and unambiguous. If a public adjuster employment contract is signed on a Friday, cancellation must be posted by midnight the following Tuesday. Cancellation renders the contract void ab initio. In the present case, the evidence submitted by the parties reveals that Lange signed a public adjuster employment contract with Ranciato on Friday, March 9, 2001. On Monday, March 12, 2001, Lange mailed a letter canceling the contract, via certified mail, return receipt requested, in accordance with the statutory provisions. Section 38a-724 clearly states that Lange had until midnight on Tuesday, March 13, 2001 to mail the cancellation. Because Lange complied with the statutory requirements of § 38a-724, the contract is void ab initio. Because the contract is a legal nullity, its alleged breach cannot logically or legally be the basis for the plaintiff's claim that the defendant conspired to deprive him of the fruits of the contract. Accordingly, Lange's motion for summary judgment as to count two is granted.
As for counts five (promissory estoppel) and six (quantum meruit), Lange argues that because the public adjuster employment contract is void ab initio, any quasi-contractual claim such as promissory estoppel or CT Page 12235 quantum meruit is prohibited, and, therefore, there are no genuine issues of material fact as to counts five or six. Ranciato argues in opposition that despite the statutory compliance, the court should deny summary judgment because genuine issues of material fact exist pertaining to the claims of promissory estoppel and quantum meruit. Specifically, Ranciato argues that he is entitled to compensation for the value of the services performed.
"Section 90 of the Restatement Second states that under the doctrine of promissory estoppel [a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. . . . Thus, a promisor is not liable to a promisee who has relied on a promise if, judged by an objective standard, he had no reason to expect any reliance at all." (Emphasis added; internal quotation marks omitted.)Wellington Systems, Inc. v. Redding Group, Inc., 49 Conn. App. 152,162-63, 714 A.2d 21, cert. denied, 247 Conn. 905, 720 A.2d 516 (1998)
Section 38a-724 is unambiguous. It clearly states that a public adjuster employment contract may be canceled within certain time frames, for any reason whatsoever. Ranciato's argument that Lange had a duty to orally inform him that he entered into a new public adjuster employment contract prior to the recission period set forth in the statute is plainly inconsistent with the purpose of § 38a-724. Any work done by Ranciato's claim before the expiration of the cancellation period was done at Ranciato's own risk. That work does not create a binding promise that must be enforced to prevent injustice. No genuine issues of material fact exist regarding Ranciato's claim of promissory estoppel, and, therefore, Lange is entitled to summary judgment as a matter of law as to count five.
Similarly, the theory of quantum meruit is inappropriate in this case. "Quantum meruit is a theory of contract recovery that does not depend upon the existence of a contract, either express or implied in fact. . . . Rather, quantum meruit arises out of the need to avoid unjust enrichment to a party, even in the absence of an actual agreement. . . . Quantum meruit literally means as much as he has deserved. . . . Centered on the prevention of injustice, quantum meruit strikes the appropriate balance by evaluating the equities and guaranteeing that the party who has rendered services receives a reasonable sum for those services." (Citations omitted; internal quotation marks omitted.) Gagne v. Vaccaro,255 Conn. 390, 401, 766 A.2d 416 (2001). "A plaintiff seeking damages under either a claim for breach of contract, unjust enrichment, or quantum meruit must establish that the defendant received a benefit . . . CT Page 12236 Quantum meruit . . . is the form of action which has been utilized when the benefit received was the work, labor, or services of the party seeking restitution." (Citations omitted; internal quotation marks omitted.) Morgan Building Spas, Inc. v. Dean's Stoves Spas,Inc., 58 Conn. App. 560, 563, 753 A.2d 957 (2000).
The reasoning of the Connecticut Supreme Court in a case involving a claim for quasi-contractual recovery under a defective home improvement contract is applicable. In Barrett Builders v. Miller, 215 Conn. 316,318-25, 576 A.2d 455 (1990), a contractor and a homeowner entered into a written contract for the acquisition and installation of new kitchen cabinets and counter tops. The contract specified the total contract price, which was to be paid in three equal installments. Id., 318-19. The written contract omitted some material provisions, such as not specifying the size, materials or construction detail and not indicating a date for performance. Id., 318. The contractor received the agreed upon down payment and began work. Id., 319. The contractor then received a check for the second installment. The homeowner then stopped payment on the second check. Id. The contractor claimed that at this time the work was substantially complete. Id. When the contractor realized payment was stopped, he stopped work and sought to recover for the reasonable value of his labor and materials, which totaled the amount unpaid under the written contract. Id. The homeowner asserted as a special defense that the written contract did not contain the entire agreement, as required by statute, and therefore is unenforceable. Id. The contractor did not dispute that the written contract failed to comply with the requirements of the Home Improvement Act, General Statutes § 20-418, et seq., and sought recovery based on quantum meruit. Id., 320. The court held that "Connecticut law has long recognized that restitution is not available for performance rendered pursuant to a contract that is unenforceable on public policy grounds. . . . [A] person who does not comply with the statutory requirements will not be given the assistance of the courts in enforcing contracts within the provisions of the regulatory statute because such enforcement is against public policy . . . and that, [t]o permit a recovery on a quantum meruit would defeat and nullify the statute." (Citations omitted; internal quotation marks omitted.) Id., 323-25. The court reasoned that "if recovery is permitted despite the fact that the underlying home improvement contract is invalid, a contractor could unilaterally expand the scope of the project beyond the contemplation of the invalid agreement, without the homeowner's consent, and recover for the unwanted work." Id., 325.
Similarly, in Biller Associates v. Route 156 Realty Company,52 Conn. App. 18, 32, 725 A.2d 398 (1999), aff'd, 252 Conn. 400,746 A.2d 785 (2000), the court refused to award quantum meruit based on a CT Page 12237 public adjuster employment contract that did not comply with a material requirement of the statutes and regulations governing public adjuster employment contracts. The court reasoned that "[a]lthough the statutes and regulations that govern licensed public adjusters do not explicitly bar recovery in quantum meruit, we decline to permit such recovery in the present case because it would defeat and nullify a material requirement of the foregoing statute and regulations, and is contrary to public policy. Accordingly, we conclude that, as a matter of law, the plaintiff was not entitled to recover in quantum meruit for the value of the services it performed on behalf of the defendant." Id., 32.
Both courts refused to grant the requested relief under the theory of quantum meruit despite the fact that in each case, substantial work was performed by the plaintiff and received by the defendant. The courts reasoned that granting the requested relief violates public policy and thwarts the purpose of the statutes. Although the above mentioned cases involved instances where the parties did not enter into written contracts in compliance with statutory requirements and in the present case the parties did enter into a contract in compliance with statutory requirements, the end result is nonetheless the same. In each case, the written contract is void, and, therefore, unenforceable.
The reasoning employed by our Supreme and Appellate Courts in declining to award quasi-contractual relief in the aforementioned cases applies in equal force to the case at hand. Allowing recovery based on the theory of quantum meruit will violate public policy and thwart the purpose of § 38a-724. Section 38a-724 expressly allows the property owner to cancel a public adjuster employment contract for any reason, within the time frame expressly specified. If courts allow quasi-contractual forms of relief in instances such as the case at hand, public adjusters could recover for work allegedly done on a property owner's claim before the cancellation period expired simply by arguing that they did not think the contract would be cancelled. Imposing liability on property owners, although they legally exercised their right to cancel under the statute, gives public adjusters "carte blanche" to recover contrary to the express provisions of § 38a-724 and the legislative intent. Therefore, not only would recovery produce unjust results, it would nullify the statute. Because it clearly violates public policy to subject a property owner to liability for properly canceling a public adjuster employment contract within the time period, any quasi-contractual theories of liability and/or relief is inappropriate.
In the present case, Ranciato and Lange properly entered into a public adjuster employment contract pursuant to § 38a-724. Lange cancelled the contract in compliance with the statutory requirements. Pursuant to CT Page 12238 § 38a-724, the contract between Ranciato and Lange is void ab initio. The work Ranciato did on Lange's claim before the cancellation period expired was work done at his own risk. Lange properly entered into another public adjuster employment contract with Maffeo and did not receive the benefit of any of the work done by Ranciato, as required under the theory of quantum meruit. Lange is entitled to judgment as a matter of law as to count six.
For the foregoing reasons, there are no genuine issues of material fact and Lange is entitled to judgment as a matter of law. Lange's motion for summary judgment as to counts two, five and six is granted.
SO ORDERED.
 ___________________, J. Holzberg
CT Page 12239